## Nagle *against* Stroh.

In an action by a sheriff on a bond conditioned for the delivery of property levied upon under a *fieri facias*, the defendant cannot set up as a defence that the property was his, and not that of the defendant in the execution.

·ERROR to the common pleas of *Lebanon* county.

Jacob Nagle, sheriff, by virtue of a *fieri facias*, at the suit of Jacob Frick against Jacob Heft, levied upon fifty barrels of whiskey, and other personal property in the possession of the defendant in the execution. When the levy was made, notice was given to the sheriff that the property belonged to William Stroh ; but he was indemnified by the plaintiff, and disregarded the notice. An inventory of the goods levied on was made, under which this agreement was written.

"I do hereby promise and agree to deliver up the above mentioned articles and goods to Jacob Nagle, sheriff, at any time when demanded ; and, in default thereof, I promise to pay debt, interest and costs in the above mentioned *testatum fieri facias*.

"WILLIAM STROH."

William Stroh refused to deliver the property to the sheriff; and this action was brought upon the above agreement ; to which the defendant pleaded "payment with leave, &c. and property in the defendant." On the trial of the cause, the defendant offered evidence to establish the fact that the property levied on and mentioned in his agreement was really his own, and never had belonged to Jacob Heft, as whose it had been levied upon. This evidence was objected to by the plaintiff; but the objection was overruled, and exception taken.

*Weidman* and *Foster*, for plaintiff in error.
*Pearson* and *Kline*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—When the sheriff has duly seized goods, under a writ of *fieri facias*, he has such a special property in them as to enable him to maintain trespass or trover against any person who may take them out of his possession. And this remedy is necessary for the protection of the sheriff; for he is answerable to the plaintiff for the value of the goods taken under the *fieri facias ;* and the defendant is discharged from the judgment, and all further execution, if the sheriff has taken goods to the amount of the debt, although he does not satisfy the plaintiff. Wilbram *v.* Snow, 2 *Saund.* 47 ; Clark *v.* Withers, 6 *Mod.* 292. As the sheriff is bound to execute the writ at his peril; when the defendant becomes bankrupt, and his assignees

[Nagle v. Stroh.]

claim the goods, or there be any doubt whether or not the goods are liable to be taken on a *fieri facias*, the sheriff should immediately apply to the court from which the writ issues for protection, if one party will not give him a sufficient indemnity—otherwise, by seizing the goods, or by returning *nulla bona*, he may subject himself to an action. And wherever the property in goods seized on a *fieri facias* is disputed, the court will, on the suggestion of a reasonable doubt, enlarge the time for the sheriff to make his return, until the right be tried between the contending parties, or until one of them has given a sufficient indemnity to the sheriff or his officers. *Watson on Sheriff* 137, 141. But where, as here, the sheriff has received an indemnity, it is his duty to proceed and sell; for where, in such a case, the sheriff has levied upon goods in the defendant's possession, the court will not stay proceedings, and direct an issue to try the right of property, upon an allegation that the goods belong to a third person. Truman & Co. *v.* Shetland, 1 *Binn.* 499. A neglect or refusal to comply would subject him to an action, to which an allegation that the goods belonged to a third person would be no defence; for it was his duty to comply with the directions of his writ, and trust to his indemnity. Nor is the owner of the goods without remedy, as he may bring trespass against the sheriff, or an action of trover against the sheriff's vendee. The defendant, in the case at bar, instead of giving an indemnifying bond to the sheriff, enters into an instrument of writing in the nature of a forthcoming bond, that he would deliver the articles levied to the sheriff at any time demanded, or pay the debt and interest on the *testatum fieri facias*. This suit was brought to enforce this agreement; and unless it can be sustained, the loss may eventually fall on the sheriff, a consequence manifestly against the truth and justice of the case. To a bond, or other instrument of writing, given under the circumstances, and for the purposes stated, the only defence, I apprehend, that can be made, is performance; or that the defendant was induced to enter into the contract by the fraudulent misrepresentation of the plaintiff. It is not alleged that the defendant performed, or offered to perform, his contract, or in any way to relieve the sheriff from his legal responsibility. He pleads payment with leave, &c., and property in himself. It is unnecessary to enter into a critical examination of the pleas proper in an action of *assumpsit*. It may, however, be right to observe, that in Hamilton's Executors *v.* Moore, (which received a most attentive and deliberate examination, but which, for reasons it is needless to explain, was never reported) the supreme court at Lancaster decided, that under the plea of payment with leave, &c., in *assumpsit*, nothing could be given in evidence except a direct payment and set-off; but, that an equitable defence could not be made in such a suit, such as is introduced from necessity in an action of debt or bond or other instrument of writing under seal. But setting aside the form of the plea, it seems clear that evidence that the property levied on was the property of the defendant, was not properly ad-

missible in a suit on an express agreement to deliver up the property to the sheriff on demand. This transaction is not difficult of explanation. After the sheriff had seized the goods, it was his duty to remove them to a place of safe custody, or in some other way to secure them until they could be sold; for, unless they were forthcoming, the sheriff, as has been seen, would be liable to the plaintiff for their value. The removal of the goods would, of course, be an inconvenience to the parties; and to avoid this necessity, being a complete indemnity to the sheriff, this instrument of writing was given. But, it is said, there was fraud in obtaining the paper; and this allegation is made on the testimony of the defendant in the execution, as disclosed in the paper book. But, in this testimony, I do not perceive any tincture of fraud or imposition on the part of the sheriff; but merely a desire of an indemnity against loss from suffering the goods to remain in the custody of Heft. It was of no consequence to the sheriff who was the bail, whether Christ or Stroh, provided the bail was of sufficient ability to pay, in case of default in complying with the conditions of the bond. The sheriff said nothing to Stroh that was not strictly true; for it is plain that Stroh could not be injured by the transaction if he complied with his engagement to deliver the goods on the demand of the sheriff. He was in no worse situation than he would have been if any other person had been bail, as he has every remedy preserved to him which he would otherwise have had. The remedy of an action of trespass against the sheriff, or of trover against the sheriff's vendee, would have been still open to him.

Judgment reversed, and a *venire de novo* awarded.