## Reuben Sibley & *al. vs.* James P. Brown.

If one man let to another personal chattels for an indefinite time, and the latter, for the purpose of using them to greater advantage, put with them chattels of his own, and while thus in his possession, the whole are attached, taken away and sold as his property by an officer; the owner of the chattels thus let, may maintain trespass for them against the officer.

Exceptions from the Court of Common Pleas, Perham J. presiding.

The facts in this case, the questions raised at the Court of Common Pleas, and the instructions and rulings of the Judge, may be found in the opinion of the Court. The verdict was for the defendant, and the plaintiffs filed exceptions.

*Heath* argued for the plaintiffs, and cited 1 *Gall.* 419 ; 2 *Black. Com.* 405 ; 2 *Camp.* 575 ; *Walcot* v. *Pomeroy,* 2 *Pick.* 121.

*Thayer,* for the defendant, supported the ruling of the Judge, and cited *Bond* v. *Ward,* 7 *Mass. R.* 123.

After a continuance for advisement, the opinion of the Court was drawn up by

Emery J. — In this case exceptions were taken in the Court of Common Pleas. The action is trespass against a constable for taking and converting the plaintiff's ox wagon wheels, four in number, on a writ against one *Bennet,* to whom they were let on hire without any time being agreed upon. On the execution, *Bennet's* right was sold, the purchaser receiving the wheels from

the officer. We must review the actual instruction of the Judge to the jury, and the requested instructions which he did not give.

He did instruct the jury, that if the defendants sold only the right of said *Bennet*, and the plaintiffs' had neglected to give notice of their property in the wheels, the defendant was not guilty. He also stated to the jury, that if the defendant had wrongfully intermeddled with the plaintiff's property, the action was maintainable. If these instructions were such as fairly and fully to meet the exigence of the case, the exceptions ought to be overruled. *Bennet* added to the wheels, the necessary apparatus for a wagon, and while in *Bennet's* possession, the defendant took the wagon upon a writ against *Bennet*, and disposed of it, withdrawing it from the possession of *Bennet*. And it was in evidence from the defendant, that when he advertised the wagon on the execution issuing on the judgment recovered against *Bennet* on the original writ, on which the wagon was attached, he advertised only the right of *Bennet*, and at the sale of it, sold *Bennet's* right upon the execution, but without specifying what that right was; the purchaser receiving from said officer the wheels aforesaid, as well as the rest of said ox wagon, and has ever since held the same.

We apprehend, that the first instruction did not sufficiently place before the jury the full merits of the case. The property is shown most decisively to be the plaintiffs'. Whenever an officer invades the property of another by attaching or seizing it for the debt of a third person, he does it at his peril. He may insist on the creditor's shewing the goods of the debtor, and require indemnity for the violation of any one's right, which he may commit by conforming to the creditor's directions. If an officer has reasonable ground to induce a belief that in making an attachment or seizure on execution, he may mistake and expose himself to an action for damages by attaching or seizing goods not the property of the debtor, he acts without due caution, if he omits to secure himself. When things are so mixed that on due inquiry he cannot distinguish them, the owner can maintain no action against the officer, until notice and a demand of his goods and a refusal or delay of the officer to deliver them. *Bond* v. *Ward*, 7 *Mass. R.* 123.

The inquiry ought always to be made by the officer, as to the

ownership of the property which he attaches. *Shumway & al.* v. *Rutter,* 8 *Pick.* 443.

In this case it does not appear, that he made any, nor that the plaintiffs were apprised of the seizure and sale, so that they could give notice to the officer of their claim. But there is in the evidence introduced by the defendant, that he advertised only *Bennet's* right for sale, strong internal evidence from that fact, that he must have been apprized of the defect of *Bennet's* title in the wheels.

The instruction then was incorrect, because the mode of advertising followed by his delivering over the wheels to the purchaser would not prove that he was not guilty. Nor is the general statement, " that if the defendant had wrongfully intermeddled with the plaintiffs' property, the action was maintainable," enough, to dispense with the requested instructions, that, " if the jury were satisfied from the evidence, that the defendant took the wheels aforesaid upon the original writ aforesaid, and by his act deprived the plaintiffs of the possession of these wheels, he was liable in this action."

That instruction was fairly required, because there was no lease of the property proved for any distinct time. And no action could have been maintained by *Bennet* against the plaintiffs for retaking their wheels at any time. *Walcot* v. *Pomeroy & al.* 2 *Pick.* 121.

They are proved to have been withdrawn by the officer from *Bennet's* possession by the attachment on the original writ. In that instant the letting was determined, and by the defendant's act the plaintiffs were deprived of the possession. The sale of *Bennet's* right, without any specification of what it was, and the purchasers receiving the wheels from the officer, shews of itself a wrongful intermeddling with the plaintiffs' property. *Stevens* v. *Briggs,* 5 *Pick.* 177.

When property is intermixed with that of another without his approbation or knowledge, the law to guard against fraud, gives the entire property without any account to him whose original dominion is invaded and endeavored to be rendered uncertain, without his own consent. 2 *Black. Com.* 405. If the intermixture be by consent, the proprietors have an interest in common in proportion to their respective interests.

But these wheels were easily to be severed from the axles at any moment.

The property of the plaintiffs in the wheels draws with it the constructive possession. For *Bennet* could not resist it, and even if a factor have a lien on goods left for sale, if they be forcibly taken from him, the principal may maintain trespass. His constructive possession remains notwithstanding the lien. *Holly* v. *Huggerford*, 8 *Pick.* 73.

*Exceptions sustained, verdict set aside, and a new trial granted.*