ABIAL R. NEWCOMB *et al.*, Respondents, *v.* DAVID BLAKELY, JR., *et al.*, Appellants.

February 28, 1876.

1. An assignment of a chose in action to a creditor, expressed to be to secure the indebtedness due, and interest up to a future date, is not an extension of time which will release the sureties of the debtor.

2. Sureties will not be released unless the alleged extension of time is made by a binding agreement between the debtor and creditor, based on a consideration sufficient to support a contract.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

J. H. *Wieting*, for appellant, cited : Rucker *v*. Robinson, 38 Mo. 154 ; Armstead *v*. Wood, 1 Patt. & H. (Va.) 504 ; Brooks *v*. Wright, 13 Allen (Mass.), 72 ; Smarr *v*. Schmitter, 38 Mo. 478 ; Weller *v*. Ransac, 34 Mo. 362.

*Taylor & Whitney*, for respondent, cited : McKean *v*. Citizen R. R. Co., 42 Mo. 79 ; Riney *v*. Valandingham, 9 Mo. 816 ; State *v*. Dorman, 11 Mo. 635 ; Mooney *v*. Kennett, 19 Mo. 551 ; State *v*. Connell, 49 Mo. 282 ; Allen *v*. Phelps, 4 Cal. 259 ; People *v*. Levison, 16 Cal. 100 ; Garneau *v*. Herthel, 15 Mo. 191, 278 ; Eversole *v*. Miller, 18 Mo. 120 ; Ford *v*. Beard, 31 Mo. 461 ; Rucker *et al*. *v*. Robinson, *et al*., 38 Mo. 157 ; Wiley *v*. Hight, 39 Mo. 130 ; Headlee, Admr. *v*. Jones, 43 Mo. 235 ; Orme *v*. Young, Halbs. N. P. C. 84 ; Nichols *v*. Morris, B. & Ad. 41 ; Adville *v*. Glendening, 7 Taun. 126 ; Blackstone Bank *v*. Hill, 10 Pick. (Mass.) 132 ; Fulton *v*. Mathews, 15 Johns. 433 ; Rabe *v*. Wells, 3 Cal. 151 ; Gale *v*. Pearson, 6 Mo. 253 ; Martin *v*. Hagan, 8 Mo. 505 ; Hoyt *v*. Williams, 41 Mo. 270 ; Clayton *v*. West, 2 Cal. 382 ; Bellesime *v*. McCoy, 1 Mo. 18 ; Chouteau *v*. Uhrig, 10 Mo. 62 ; Walter *v*. Catchcart, 18 Mo. 256.

BAKEWELL, J., delivered the opinion of the court.

This appeal is presented by defendants George M. and William S. Stewart, who are sued as sureties on the bond of defendant Blakely.

It appears that plaintiffs were general agents of the American Life Insurance Company, and entered into a written contract with defendant Blakely, as sub-agent, whereby, in consideration of certain commissions he was to receive, an advance of $250 on the execution of such agreement, and a further advance of $150 in sixty days thereafter, he agreed to work for plaintiffs, as sub-agent, for two years, and to refund to them the $400 thus advanced, in monthly installments of $40 each, beginning with the third month after the date of such agreement. On the back of this agreement is a bond with a penalty of $1,500, whereby

defendants bind themselves that Blakely shall keep this agreement in all respects. Plaintiffs advanced the $400. Blakely, when he had received the money, left them, and went to work for another company. He never returned to plaintiffs the money advanced. Afterwards, he proposed to assign to plaintiffs a part of the money he expected to receive from the United States for services in taking the census. To effect this object, an instrument was signed and sealed and delivered by Blakely to the plaintiffs, dated May 28, 1870, and which has the following clause: "This assignment is made to secure the said A. R. and C. M. Newcomb for an indebtedness, in the sum of $458, due them as advance made me under a contract between myself and said A. R. and C. M. Newcomb, dated November 24, 1869, and as the interest on the same to August 24, 1870."

Defendants claim that an extension of time was given by plaintiffs to Blakely, and that the sureties were thereby discharged.

It appears that the sum of $458 mentioned in the assignment was made up of the $400 advanced, some small sums due by Blakely, and interest on the whole up to August 24, 1870; and that the Stewarts knew nothing of the assignment till it was completed. Blakely swears that he proposed to give this assignment to plaintiffs on condition that they would release his sureties, and that they promised him, in consideration of the assignment, that they would not sue till August 24th. This is contradicted by both the plaintiffs, who swear that they refused to give time, declared they would do nothing to release the sureties, and refused to take the assignment until their lawyer had prepared the form, and assured them that it would not release these sureties nor give time to Blakely. Their testimony as to refusing to give time is corroborated by their clerk.

There was a verdict and judgment for plaintiffs.

The court, at the instance of plaintiffs, granted the following instructions:

"The court declares the law to be that, if it finds from the evidence that plaintiff advanced to defendant Blakely the $400 alleged, and that the same was not repaid to plaintiffs, or any part thereof, then the plaintiffs should recover in their action against Stewart & Stewart, unless the court finds from the evidence that there was an agreement, based on a consideration, between the plaintiffs and the defendant Blakely, by which plaintiffs bound and obligated themselves to grant unto said Blakely an extension of time for the repayment of said $400, as claimed by defendants in their amended answer.

"The court further declares the law to be that the effect of said assignment set out in defendant's answer, of itself, does not amount to an agreement for an extension of time, and the court should not find that there was an agreement to such extension of time unless it believes from the evidence *aliunde* that there was a positive agreement to that effect, of such binding force as to prevent plaintiffs herein from maintaining this action before August 24th."

The following instructions were asked by defendants and were refused:

"Unless the court, sitting as a jury, finds from the evidence in this case that there was an express agreement to the contrary, the fact that the plaintiffs received the assignment from defendants on May 28, 1870, as collateral security for the amount to be due on the bond sued on in this case on August 24, 1870, operated as a discharge of the securities on the bond, unless the court further finds from the evidence that the securities, or either of them, assented to such assignment, either before or after the date of such assignment.

"If the court, sitting as a jury, finds from the evidence that the assignment set out in defendant's answer was made to recover, not only the amount of money which the said Blakely was owing plaintiffs at the time of the execution of said assignment, but also included interest on said amount up to August 24, 1870, then the court will declare that the

effect of said assignment, in law, was to postpone the collection of said money until said last-named date, and to prevent plaintiffs from suing said Blakely for said sum of money before that date, unless the court further finds that there was an express agreement that the assignment should not operate as extending such time."

In order to justify a verdict in their favor in this case, it was necessary for defendants to show some binding contract, made by plaintiffs, obliging them to refrain from suing Blakely, at least for a time.

There was, therefore, not only evidence to sustain the verdict herein, but it would have hardly been possible for an honest and intelligent jury to have found otherwise than they did. It is urged, however, that the court erred in granting and refusing instructions; and, on this ground, we are asked to reverse the case.

To the first instruction granted for plaintiffs it is objected that it does not require the jury to find, as facts in the case, that there was any breach of contract by Blakely, or any agreement to repay. As to these points there was, however, no controversy on the trial, whatever the pleadings might allege; and the instruction could not be misunderstood by the jury, and, therefore, could not prejudice defendants.

It is earnestly insisted that the effect of the second instruction for plaintiffs is to take altogether from the consideration of the jury the assignments offered in evidence, as not tending in any degree to show an agreement to extend time. It is argued that the fact of the sum mentioned therein including interest to August in advance was a fact which the jury should have been allowed to consider, as tending to corroborate any other testimony in the case looking to a binding agreement to extend time. We do not think that this instruction was liable to be understood in a way to prejudice the defendants. The assignment was certainly no agreement to extend the time,

and, if there was any such agreement, it must be found!
*aliunde*, for it clearly is not there.   The instructions refused,
asked by defendants, are a declaration that this assignment.
operated as a discharge of the sureties, unless made with
their consent.   There is nothing in the assignment which,
by any construction, can be tortured into an extension of
time.   We therefore think that there was no error, in the
giving or refusing of instructions, to warrant a reversal of
the judgment.   And we see no such error, anywhere in the
record, as in our judgment could prejudice defendants or
materially affect the merit of the case.   The judgment of
the Circuit Court is affirmed.   The other judges concur.