### B. A. L. Thomson v. F. A. Rehkopf.

1. EVIDENCE—*Existence of, and Proceedings Under Mortgages.*— The existence of a new mortgage, given to satisfy a prior mortgage, can not be shown by parol, and until the existence of such new mortgage is proved, evidence of what has been done under it, or of any supposed effect of it in satisfying the prior mortgage, is inadmissible.

2. SAME—*Records of Mortgages—When Competent.*—To render the record of a mortgage competent evidence a compliance with the statute (Section 5, Chapter 95, R. S., and section 36, chapter 30, R. S.) is necessary.

Trover.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

THOMSON & DENMARK, attorneys for appellant.

A chattel mortgage given in satisfaction of a prior mortgage is a payment of the prior mortgage, so as to permit intervening mortgages to take precedence over the last mortgage given. Jones on Chattel Mortgages, p. 645; Tracy v. Lincoln, 145 Mass, 357; Brown v. Dunkel, 46 Mich. 29.

S. G. ABBOTT, attorney for appellee.

The *record,* or a *transcript* of the record, of instruments relating to the conveyance of lands may be read in evidence, on proper foundation being laid, but only copies of chattel mortgages certified to by the recorder are admissible in evidence, and then only on the same condition as instruments relating to the conveyance of lands.

Appellant offered the record of a chattel mortgage in evidence, not a certified copy thereof, and never laid any foundation therefor, without which it was not proper evidence. Pardee v. Lindley, 31 Ill. 174; Stow v. The People, 25 Ill. 81; Rankin v. Crowe, 19 Ill. 626.

Where the statute authorized a certified copy of the record only, on proper foundation being laid, yet it is error to introduce the record itself, although a proper foundation was laid to introduce the copy. Hanson et al. v. Armstrong, 22 Ill. 442.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action of trover by the appellant against the appellee; the appellant claiming under chattel mortgages made by one Reitz, and the appellee defending under a prior mortgage made also by Reitz.

The appellant tried to show that the latter mortgage was not in force, having been satisfied by the taking of a new mortgage from Reitz to the appellee of later date than those under which appellant claimed.

The court rightly ruled that the existence of such new mortgage could not be proved by parol, and that until such existence was proved, evidence of what was done under it, or of any supposed effect of it in satisfying the prior mortgage, was inadmissible.

The appellant offered, as evidence of a new mortgage, the record of such a mortgage in the recorder's office, but attempted no compliance with the conditions prescribed by statute to make such record evidence. Sec. 5, Ch. 95, Mortgages; Sec. 36, Ch. 30, Conveyances.

Appellant offered to prove that he had "made a demand" upon the appellee—of or for what was not stated—and he

excepted to the refusal of the court to permit the questions to the appellee, whether he had handed to his counsel, or his counsel had in his possession, any paper executed by Reitz to the appellee subsequent to the mortgage under which the appellee claimed. We need not consider those questions further than to say that vague and general as they were, accompanied by no offer to prove any specific thing, but being merely fishing, no error was committed by the court in the rulings. Gaffield v. Scott, 33 Ill. App. 317.

The appellant had an easy method open to him to prove that later mortgage—if one there was—by complying with the statutes hereinbefore referred to; not adopting it, there is no question of such mortgage in the case, and the judgment is affirmed.

MR. JUSTICE WATERMAN.

I am of the opinion that the court should not have sustained the objection made to certain questions asked by appellant; but had the witness been permitted to answer, and if by competent evidence it had appeared that a subsequent mortgage was in existence, such proof only would not have invalidated the first mortgage or raised a presumption that it had been satisfied.