JOHN H. SMITH ex rel. JOHN T. McELHANEY, Appellant, v. JOHN A. ROGERS et al., Respondents.

### St. Louis Court of Appeals, March 3, 1903.

1. **Levy, How Made.** Where a subsequent levy of a writ is made by the same officer who levied a prior one on the same property, no overt act is required of him in making the subsequent levy.

2. ———: INDEMNITY BOND TO CONSTABLE: ATTACHMENT: EXECUTION. Revised Statutes 1899, section 4043, authorizes the taking of a bond by the constable to indemnify him from loss in a proceeding to sell under an execution, and to indemnify a claimant of the property, if he had previously seized property by virtue of an attachment.

3. ———: ———: ———. By virtue of section 4043, Revised Statutes 1899, the same indemnity may be taken by an officer when acting in obedience to an execution issued on a judgment in an attachment action, that he is entitled to take when the execution is issued on a judgment in any other form of action.

4. ———: ———: ———. And a bond given under the provisions of section 4043, Revised Statutes 1899, is a valid contract.

5. **Indemnity Bond:** CLAIM BY THIRD PERSON: EFFECT OF MISDESCRIPTION OF PROPERTY. An indemnity bond given under the provisions of section 4043, Revised Statutes 1899, misstated the name of a manufacturer of an engine, which had been levied upon and seized under a writ of attachment and execution, but the evidence showed conclusively that the very engine taken under the writ was the one which the bond had been given to protect the officer in selling, and was all the property taken by the officer: *Held*, that this misdescription did not affect the validity of the bond, and that the bond covered and was enforcible for the value of the engine taken by the officer.

Appeal from Newton Circuit Court. — *Hon. H. C. Pepper*, Judge.

REVERSED AND REMANDED AND CERTIFIED TO THE SUPREME COURT.

*Adiel Sherwood* and *J. S. McIntyre* with *L. W. White* for appellant.

(1) Defendants were liable upon their indemnity bond, under section 423, Revised Statutes 1899. Kessler v. Gold Spring Distilling Co., 72 Mo. App. 573; Flint v. Young, 70 Mo. 221; Palmer v. Shenkel, 50 Mo. App. 571; Rebmon v. Durant, 53 Mo. App. 493; Cabinet v. White, 48 Mo. App. 404; Rivercomb v. Durket, 74 Mo. App. 570. And appellant had no other remedy. (2) Even if this action were not authorized under section 423, Revised Statutes 1899, defendants would be liable at common law upon the indemnity bond for damages to plaintiff, because the bond was voluntary, not in violation of any statute, had no illegal purpose and did not contravene public policy. Rubleman Hardware Co. v. Greve, 18 Mo. App. 6; Barnes v. Webster, 16 Mo. 258; Williams v. Coleman, 49 Mo. 325; 1 Brandt on Suretyship and Guaranty (2 Ed.), sec. 22. (3) A constable has the common-law right to require indemnity before seizing or selling property. Shinn on Attachment, secs. 203; Smith v. Cicotte, 11 Mich. 383; Smith v. Asgood, 46 N. H. 178; Shriver v. Harbough, 37 Pa. St. 399. In addition, the constable had the common-law right to require an indemnity bond before selling property upon which he had levied—claimed by a third person.

*O. L. Cravens* for respondents.

(1) The personal property in this case was seized and levied on under the writ of attachment. There was never any levy under the execution issued by the justice. The character of the levy and seizure in the first instance determines the right of the constable to exact an indemnity bond. Here it was under a writ of attachment and the property was in the custody of the law, as distinguished from a mere seizure under an execution. Where property has been seized by a constable under a writ of attachment, there is no provision of the law authorizing the giving of an indemnity bond. State to use v. Koontz, 83 Mo. 323; State to

use v. Furniture Co., 22 Mo. App. 109; State to use v. Fitzpatrick, 64 Mo. 185; State to use v. Reyburn, 22 Mo. App. 303. (2) There is a local statute, applicable alone to the city of St. Louis, authorizing the constable or sheriff to demand a bond of indemnity in attachment cases, but it can not be that this statute can be invoked here. State to use v. Reyburn, 22 Mo. App. 109; State to use v. Furniture Co., 22 Mo. App. 185; Kreher v. Mason, 25 Mo. App. 291. (3) The point that this bond is good and can be enforced as a common law bond is not tenable. (a) This action is not to enforce a bond at common law. The case was tried in the lower court upon the theory that it was a valid bond given under the statute, and plaintiff will not be permitted to change front in this court and contend that it is now good as a common law bond. (b) Under the common law the constable had no right to demand of the plaintiff a bond of indemnity before he shall levy an execution even. An agreement to reward an officer for doing that which it is his duty to do is void, and there can be no common-law liability. Kick v. Merry, 23 Mo. 72; Thornton v. Railroad, 42 Mo. App. 58. (4) Property was claimed by an execution debtor as exempt, but the plaintiff in the execution directed the constable to seize and sell the property notwithstanding this, and executed an indemnifying bond, which was held by this court to be void. Johnson v. Ragsdale, 73 Mo. App. 594; Harrington v. Crawford, 136 Mo. 467. (5) It is a mistake to say that McElhaney had no other remedy. The indemnity bond being void, he could sue in replevin, or sue the constable and defendants, Rogers and Rush both, in trespass. Or he need not have filed a claim with the constable. Palmer v. Shenkel, 50 Mo. App. 571; Cabinet v. White, 48 Mo. App. 404.

GOODE, J.—John A. Rogers, one of the respondents, instituted an action of attachment before a justice of the peace in Newton county, against James Lewis.

A writ of attachment was issued and levied by the appellant, John H. Smith, at that time constable of the township, on a certain boiler and engine and nothing else. Constructive service was had on Lewis and the action proceeded to a special judgment in favor of Rogers against the property attached. A special execution was issued and delivered to the constable, whereupon a notice verified by affidavit was served on him by Benjamin Eiseman, who claimed to own the attached property as the assignee of John T. McElhaney. Rogers as principal and J. M. Rush as surety then executed an indemnity bond to the constable, reciting the claim of Eiseman and the service of the written notice by the latter verified by affidavit according to law, and covenanting to hold the officer harmless against all damages and costs which he might sustain in consequence of the seizure and sale of the property, reciting, furthermore, the issuance of the execution and that it had been levied on the engine and boiler. The constable, being thus indemnified, sold the property. Afterwards an action was begun on the bond by McElhaney as successor of the rights of Eiseman, who had been discharged as assignee.

Besides agreeing to indemnify the constable, the obligors in the bond agreed to pay and satisfy said Benjamin Eiseman, assignee of said J. T. McElhaney, or any person or persons claiming title to the property, for all damages which he or said person or persons might sustain in consequence of the seizure and sale.

The court below held no action could be maintained on the bond.

The bond was intended to be a statutory one made in conformity to the provisions of section 4043 of the Revised Statutes of 1899, and was in all respects sufficient to satisfy the requisites of a statutory bond, provided a bond is authorized by the statutes in the circumstances in which this one was given.

Respondent contends that inasmuch as the prop-

erty had been previously seized under a writ of attachment, no bond of indemnity could be required by the constable; as the statute only provides for the giving of such indemnity in cases when executions are issued on a general judgment, citing in support of this contention certain Missouri cases, and principally relying on State ex rel. v. Koontz, 83 Mo. 323, in which it was held that there is no statutory provision for the exaction of an indemnity bond by an officer charged with the execution of a writ of attachment, to save him harmless from damages which may be entailed by the levy of such a writ on property claimed by some one else than the defendant in the action.

The present controversy presents itself to us, after a careful study of the evidence, in a different light from that in which it is viewed in the briefs. It is treated by the counsel of the respective parties, for the most part, as though the bond had been given as a protection to the officer in levying the writ of attachment; but in fact, it was not given until after there had been a final judgment in the attachment action and a special execution issued thereon. Then it was that McElhaney's assignee, Eiseman, served notice on the officer that he claimed the property, which act caused the officer to demand indemnity of the attaching plaintiff and this bond to be executed by him. It was, therefore, a bond given to indemnify an officer against loss on account of levying an execution on personal property claimed by a stranger to the judgment, and is within the intention of the statute above mentioned, unless the circumstances that the property had already been seized by virtue of a writ of attachment excludes it from the statutory provision.

Inasmuch as the engine and boiler were already in the custody of the law, there could, of course, be no seizure under the writ of execution; that is to say, no actual caption—no taking the property by virtue of that writ. Neither was a seizure necessary to make

a good and effectual levy.  Where a subsequent levy of a writ is made by the same officer who levied a prior one, no overt act is required of him in making the subsequent levy.  State ex rel. v. Curran, 45 Mo. App. (St. L.) 142.  Besides, the bond itself recited that the execution had been levied and the obligors therein ought not to defeat a recovery thereon because of a defective return.  State ex rel. v. Goodhue, 74 Mo. App. (St. L.) 162; State ex rel. v. Williams, 77 Mo. 463; Hundley v. Filbert, 73 Mo. 34.

One point for decision then is, whether the statute in question authorizes the taking of a bond by a constable to indemnify him from loss in proceeding to sell under an execution, and to indemnify a claimant of the property if he had previously seized said property by virtue of a writ of attachment, and this point seems never to have been determined by any appellate court in this State.

State ex rel. v. Koontz merely establishes that an officer with a writ of attachment is bound to decide whether he ought to levy on certain property as belonging to the defendant when a third party asserts title to or ownership of it, and has no right to exact of the attaching plaintiff an indemnity bond and in default of one being given, to release the property to the claimant; and that if he does release it and it turns out the property actually belonged to the defendant, the plaintiff may maintain an action on his official bond for the wrongful release.  The opinion says, and very properly, that the Legislature has failed to provide an indemnity in the case of attachment proceedings and that an officer charged with the execution of a writ of attachment, must act or refuse to act at his peril.  That decision is altogether different from the proposition that if an attachment cause has gone into judgment and an execution has been issued on the judgment, and then a verified notice is served on the constable by

an outside claimant of the property, the constable may not take indemnity against possible loss in proceeding under the execution. The property has not yet been sold and, hence, may be released in kind to the owner, the constable answering, of course, on his bond for damages for any injury occasioned by the levy of the attachment writ. We can perceive no sound reason whatever why the same indemnity may not be taken by an officer when acting in obedience to an execution issued on a judgment in an attachment action that he is entitled to take when the execution is issued on a judgment in any other form of action. Usually the judgment in attachment cases are the same in form as other judgments; that is, they are general judgments. Such is always true when personal service is had on the defendant.

The construction of the statute relied on by the respondent amounts to this: an officer is entitled to the protection of a bond like the one declared on in all cases where he has to sell property under execution except those aided by writ of attachment, a construction which would engraft an exception on the statute unjustified by its language and apparently not contemplated by the Legislature. Nothing in the statute lends support to such a view, unless it be the words ''if a constable *levy* an execution on any goods,'' the point being made that the seizure was under the writ of attachment and therefore there was no levy by virtue of the execution. But this is too narrow a view and would tend to unduly restrict the meaning of the law and defeat, to some extent, its purpose. The word ''levy'' used in section 4043, which relates to executions issued by justices of the peace, and the words ''*seized* by virtue of an execution'' in section 3183 of the chapter on Executions, mean by fair intendment, we think, such levy or seizure, either actual or constructive, as the situation of the property permits. If it is already in the custody of the law, because previously seized under

a writ of attachment, a levy or seizure under a subsequent execution in a mode adjudged to be sufficient to give a lien on the property and enable the officer to sell it, is also sufficient to bring into operation the statutory provisions in regard to a demand for indemnity by the officer if notice is given of outside ownership. We do not find that any case in this State has held or intimated that an officer charged with the service of a special execution on a judgment in an attachment case may not protect himself in this way; but only that there is no statutory authority for taking protection against damages on account of the levy of the writ of attachment itself on property belonging to a stranger. This is true because the Legislature has made no provision to protect officers levying writs of attachment. Ample provision, however, has been made for their protection against loss on account of levying executions and making sales thereunder, and we see no reason to say the Legislature, either by expression or implication, has prohibited an officer from availing himself of the security, when he is charged with an execution in an attachment case.

Nor does the language or purpose of the statute support the contention that it was not intended to provide relief where a plaintiff insists on a sale of property which a third party claims under a special execution. What proviso or principle requires the remedy to be confined to levies under general executions? The statute confers it on a constable who levies an *execution* on any goods or chattels, if any person other than the defendant in the *execution* claims such property. R. S. 1899, sec. 4043. If the intention was to exclude special executions from the force of the act, we must presume apt words to indicate the intention would have been employed. An execution is any writ, either general or special, which is issued pursuant to law by a court, or a clerk thereof, to enforce a judgment, usually by a seizure and sale of the judgment debtor's property;

and property levied on under authority of a special execution may be claimed by a stranger to the suit as well as if levied on under a general one.

In this case, the claim was made as soon as the owner knew the engine had been seized, which was not for some time after the attachment writ and the execution had been levied. An argument may be built against the constable's right to require security on the theory that a special execution following an attachment, like a writ of replevin, commands the officer to whom it issues to levy on designated property and fully protects him against a subsequent action. Boyden v. Frank, 70 Ill. App. 169; Murfree on Sheriffs, sec. 104c. The two writs are not issued in altogether similar circumstances; for the replevin writ issues because a plaintiff claims possession of certain personal property and backs his claim by proper legal steps to enforce it; whereas a special execution follows a special judgment in an attachment suit because the sheriff or constable seized property as the defendant's and made his return to that effect; so that in attachment suits on constructive service, if a stranger's property is seized, the officer's own wrongful levy of the attachment writ is the cause of his being directed to make the judgment by levying on and selling the same property. The view that the officer may release the attached property on notice of an adverse title after judgment, unless he is indemnified, if a general execution happens to follow the judgment, but may not if the execution is special for lack of personal service on the defendant, is wholly technical and without support in reason; for the officer is equally responsible to the true owner for a wrongful levy in both cases and has as much need of indemnity in one as in the other.

It has been held that a sheriff or constable selling attached property under a writ commanding him to do so to save the property from perishing, is not protected by the writ against a claim for damages by the true

owner who was not a party to the action.    State ex rel.
v. Hadlock, 52 Mo. App. (St. L.) 297.    The force ot
such an order to sell particular goods can only be
distinguished from that of a replevin writ by the fact
that the original erroneous attachment was the officer's
own tort, showing that a subsequent writ *in rem* does
not protect if the original seizure was tortious.

But the statute providing for the taking of indem-
nity is for the benefit of owners of property wrongfully
seized, as well as of officers; and if an officer is fully
protected by process commanding him to levy on and
sell particular articles, an owner subjected to a wrong-
ful seizure on process issued against some one else,
is not; nor can he be accorded the full protection of
the statute in question if we eliminate the right to
require indemnity when the execution is special; and we
think that neither the language of the statute itself nor
previous decisions on it compel that interpretation.
For my part I think the bond good as a statutory one.

It is good as a common-law obligation.    The val-
idity of the bond sued on in this case does not depend
exclusively on whether the constable was empowered
by the statute to demand security, which was the only
question involved in State ex rel. v. Koontz, supra,
where a bond was refused and the officer released the
attached property.    It is true the defendants executed
the instrument in suit on the constable's threat to re-
lease the engine; but that threat did not constitute duress
and, therefore, legally regarded, the execution of the
instrument was voluntary and created a binding obli-
gation, unless prohibited by the policy of the law.

Indemnities and offers of rewards to officers are
sometimes held for naught in the interest of good ad-
ministration; as where they are indemnified against
loss that may befall them from violating a plain duty;
such as refusing to proceed with a writ (Harrington v.
Crawford, 136 Mo. 467); or where they are promised
a reward for doing a plain duty, as to exercise diligence

in striving to apprehend a criminal. Kick v. Merry, 23 Mo. 72; Thornton v. Railroad, 42 Mo. App. (St. L.) 58, though the latter ruling seems to be questionable. But the dotrine is otherwise where there is a disputed right and an honest doubt fairly arises as to what course ought to be pursued (Shotwell v. Hamlin, 23 Miss. 156); and it is settled beyond question that when goods about to be seized or already seized as belonging to a defendant, are claimed by some one and the title is doubtful, an indemnity given by the plaintiff to the levying officer is valid. Waterman v. Frank, 21 Mo. 108; Stewart v. Thomas, 45 Mo. 42; Flint v. Young, 70 Mo. 221; Stanton v. McMullen, 7 Ill. App. 326; Moore v. Appleton, 26 Ala. 633; Pierson v. Thompson, 1 Edw. Ch. (N. Y.) 212; Ives v. Jones, 55 Am. Dec. 421; and cases cited in notes.

In Baines v. Webster, 16 Mo. 258, a case somewhat like the present one, in which the validity of a voluntary bond was challenged, it was said:

"It is useless to cite authorities that this bond, although voluntary and not authorized by any statute, is good as a common-law bond. All bonds, though voluntary, if they do not contravene public policy nor violate any statute, are valid and binding on the parties to them."

As to the validity of informal indemnities not complying with the statute, see also, Williams v. Coleman, 49 Mo. 325; Palmer v. Shenkel, 50 Mo. App. (K. C.) 571; Smith to use v. White, 48 Mo. App. (K. C.) 404; Rubelman Hdwre. Co. v. Greve, 18 Mo. App. (St. L.) 6. Far from the indemnity given in this case offending our public policy, it was strictly in accord with it; for the policy of this State is, as shown by its legislation, to have officers and owners indemnified in such instances; and if there has been an omission to provide by statute for exacting indemnity in every contingency, parties are not forbidden to voluntarily furnish it, nor their obligations when voluntarily assumed de-

nounced as void. "It is a wholesome doctrine and very full of comfort" that they may give indemnity, and this ruling is according to the law in other States. Knight v. Nelson, 117 Mass. 458; Smith v. Osgood, 46 N. H. 178; DeWitt v. Oppenheimer, 51 Texas 103; 1 Shinn on Attachment and Garnishment, sec. 203; Waples on Attachment and Garnishment, p. 147, and cases cited. Indeed, in many jurisdictions the decisions are that at common law the sheriff or constable might require security before levying the attachment.

On the whole we are of the opinion that the instrument in suit is a valid contract and that the cause should be tried on that assumption.

Respondent makes the further point that the notice and bond misstated the name of the manufacturer of the engine, the one actually levied on being a Russell engine and the bond and notice calling for a Birdsall engine; that, therefore, there can be no liability on the bond by reason of the strict and literal construction given to the obligations of sureties. But the most extreme ruling ever made to exonerate that class of obligors from responsibility on their contracts (and some are extreme to the verge of absurdity) would hardly meet this case. Only one engine was levied on and it is otherwise described in the officer's return as a 10-horsepower engine, just as it is in the bond itself. All the witnesses, and everybody concerned, agree that the very engine taken under the writ was one which this bond was given to protect the officer in selling, and the one which Eiseman and McElhaney claimed the latter owned. It was all the property taken by the constable. The bond could have been intended by the makers of it to induce him to sell only one engine and to protect him in selling only one, namely, the one he had seized and which was in his possession; and they will not be excused from responsibility because they misnamed it. This point has been heretofore adjudicated. State ex rel. v. Benedict, 51 Mo. App. (St. L.) 642.

It follows from these considerations that the judgment ought to be reversed and the cause remanded, which is accordingly ordered. *Reyburn, J.,* concurs; *Bland, P. J.,* dissents.

BLAND, P. J. (*dissenting*).—I dissent, and for the reason that I deem the majority opinion in conflict with State ex rel. v. Koontz, 83 Mo. 323, request that this cause be certified to the Supreme Court.