STATE OF MISSOURI TO THE USE OF GEORGE W. ADAMS,
Respondent, v. C. FINKE *et al.*, Appellants.

St. Louis Court of Appeals, April 7, 1896.

1. **Attachment**: POWER OF CLERK TO TAKE BOND.    The clerk of a
circuit court, who has taken an attachment bond and thereon issued
the writ, has no power to subsequently take another bond even
though the one first taken fails to contain a condition prescribed by
statute.

2. ———: VALIDITY AND ENFORCEMENT OF BOND.    But when the bond
first taken by such clerk is defective in this respect, and thereon a
second bond in proper form is voluntarily executed by the attachment
plaintiff and filed with the clerk, the latter bond, though not con-
taining an indorsement of the approval of the clerk, is valid as a
common law bond and may be enforced in the name of the state to
the use of anyone entitled to damages under it.

3. ———: EFFECT OF BOND.    The condition of an attachment bond,
that the plaintiff shall pay all damages and costs that may accrue to
any officer by reason of any act under the writ done by him in com-
pliance with the directions of the plaintiff, is not limited in its appli-
cation to acts done by the sheriff in the seizure of property.    This
condition will warrant a recovery under the bond when the sheriff,
after selling perishable property, pays the proceeds to the plaintiff
on the promise of the latter to refund if he should not be entitled
thereto, and is subsequently compelled to again pay the amount of
such proceeds to a successful interpleader.

4. ———: ———.    A recovery from the plaintiff of the proceeds so
paid to him is also warranted by the provision of the bond, that he
will refund all sums of money found to have been received by him
and not justly due.

State to use v. Finke.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*W. A. Morrow* and *George Robertson* for appellants.

The bond dated November 24, 1890, was not conditioned in favor of the sheriff; therefore he could maintain no action on it. The second bond was taken after the issuing of the writ and the making of the levy without any authority of court, and is therefore void. 1 Am. and Eng. Encyclopedia of Law, p. 905; *Stevenson v. Robbins*, 5 Mo. 18; *Stambout v. Goldstein*, 13 Mo. 24.

*W. H. Kennan* and *W. W. Fry* for respondent.

BIGGS, J.—There is no controversy as to the facts in this case. On the twenty-fourth day of November, 1890, the defendants Finke and Nasse began an attachment suit in the circuit court of Audrain county against one W. J. Pike. They executed an attachment bond in the penal sum of $1,265.56 with their codefendants herein as sureties. The conditions of the bond were that, if Finke and Nasse should "prosecute the action without delay and with effect, refund all sums of money that may be adjudged to be refunded to the defendant, *or found to have been received by the plaintiffs and not justly due to them,* and pay all damages and costs that may accrue to any defendant or interpleader or garnishee by reason of this attachment, or any process or proceeding in this suit, or by reason or any judgment or process thereon, then this obligation is to be void, otherwise to remain in force."

It will be observed that the bond omits the further statutory condition that plaintiff would "pay all damages and costs that may accrue to any sheriff or other officer by reason of acting under the writ of attachment folfowing the instructions of the plaintiff." R. S. 1889, sec. 527. This condition was added as an amendment to the existing law in the revision of 1889. The bond was received and approved by the clerk of the court, and a writ of attachment was issued. Under the directions of Finke and Nasse the sheriff of the county, who is the relator here, seized under the writ a lot of goods as the property of Pike. Immediately after the seizure one J. W. Jamison filed an interplea, claiming to be the owner of the goods as mortgagee. Subsequently, to wit, on the sixteenth day of January, 1891, the omission in the attachment bond having been discovered, Finke and Nasse voluntarily executed another bond identical with the first, except that the omitted condition was inserted. The sureties in both bonds are the same. This bond was delivered to the clerk of the circuit court on the thirtieth day of January, 1891, and was marked filed by him, but he failed to indorse his approval thereon. The relator subsequently sold the goods under the orders of the court, and realized the net sum of $354.64. Jamison's interplea was tried and resulted in his favor. Thereupon the relator tendered to him the proceeds of the sale; these he refused to accept, and instituted an action on the attachment bond and recovered a judgment for $445, which represented the amount of his mortgage debt and other damages sustained by him by reason of the attachment. Finke and Nasse appeal the case to this court (*State to use v. Finke*, 57 Mo. App. 626), and the judgment was reversed. It was held that, upon the rendition of the judgment in favor of Jamison, the title to the proceeds of the sale vested in him, and

that, as the amount exceeded, or at least equaled, his mortgage debt, he could recover nothing on the attachment bond on account of his interest in the goods, and that he could only recover in the action for other damages he may have sustained by reason of the attachment. While the cause was pending in this court, the attorney of Finke and Nasse asked the relator to pay the proceeds of the sale to his clients, as Jamison had declined to accept the money. He agreed to do so, provided the attorney would get an order of court. The latter replied that, under the circumstances, Finke and Nasse were not entitled to such an order, but the two attachment bonds would afford relator ample protection in the payment of the money, and, being thus assured, the relator paid the money to the attorney and took his receipt therefor. When the mandate from this court in the case of *State v. Finke*, *supra*, reached the circuit court, Jamison applied to the court for an order on the relator to pay over the proceeds of the sale to him. The order was made, and the relator was compelled to comply with it. Subsequently, Jamison recovered a judgment on the bond for $91, which Finke and Nasse paid. The original attachment was dissolved, the plea in abatement having been tried and sustained, but Finke and Nasse recovered a judgment against Pike for their debt. After the relator had been compelled to pay Jamison, he demanded of Finke and Nasse a return of the money, which was refused.

The foregoing are the facts out of which this litigation has arisen. The petition alleges that a failure to refund the money amounted to a breach of both of the attachment bonds. There are two counts in the petition, the first is based on the original bond, and the second on the last bond. The cause was submitted to

the court without the intervention of a jury, and the foregoing facts were developed at the hearing. No instructions were asked or given. The court found for the defendants on the first count, but against them on the second. There was a judgment for the penalty of the bond, and the damages assessed at $375. The defendants have appealed, and insist that, under the undisputed facts, the judgment is for the wrong party.

The objections to the judgment are that the second bond was not approved by the clerk of the circuit court, and that the failure of Finke and Nasse to refund the money received by them from the relator was not a breach of the bond.

If the second bond were otherwise a good statutory bond, the objection that the clerk failed to indorse his approval thereon could not be raised by the defendants under many decisions in this state, which need not be gone into here. The statute provides (R. S., secs. 527 and 528) that, before the attachment issues, a bond must be filed and the sureties approved by the clerk and his approval indorsed on the bond, but no authority is conferred on the clerk to receive or approve a second bond after the attachment writ has been served. If the bond taken by the clerk in the first instance is insufficient, it is for the court and not for the clerk to order and approve another bond (R. S., sec. 529). Hence, it is clear that the second bond is not a statutory bond. But as the giving of a bond contravened no rule of public policy and is not in violation of any statute of this state, it is a good common law bond; hence the objection urged against it is immaterial, as it was not necessary that anyone should approve it. It was intended by the makers to remedy the defect in the original bond, and doubtless, by reason of it, the defendant in the attachment was induced not to move for a new statutory bond, as he

had the right under the statute to do. This furnished a sufficient consideration for the bond, and estops the defendants from denying their liability under it, although it was voluntarily given. *Williams v. Coleman*, 49 Mo. 325; *Barnes v. Webster*, 16 Mo. 258; *Sheppard v. Collins*, 12 Iowa, 570; *Cunningham v. Jacobs*, 120 Ind. 306; Drake on Attachments, sec. 151.

It was decided by the supreme court in the case of *Barnes v. Webster, supra*, that an action on such a bond as we have here might be maintained in the name of the obligee to the use of anyone who was damaged, and came within the terms of the bond. Therefore, the only remaining question to be determined in the present case is whether or not the conditions of the bond here are broad enough to protect the relator against loss on account of the refusal of Finke and Nasse to return to him the money which he paid to them, and to which they were not entitled.

One of the conditions of the bond is that the obligors "shall pay all damages and costs that may accrue to any sheriff or other officer by reason of acting under the writ of attachment following the instructions of the plaintiff." It is insisted by defendants that this condition in the bond has reference only to the acts of the sheriff in seizing property under the writ. We think that the bond will admit of a broader and more liberal construction. It may fairly be said that the relator, in paying the money to Finke and Nasse, "acted under the writ of attachment." The relator held the proceeds under the writ; Finke and Nasse claimed the money by virtue of their levy; and he paid it to them upon the assurance of their attorney, that, if it should turn out that they were not entitled to it, they would have to refund it or answer on the attachment bond for their failure. He also testified that he consulted with the judge of the circuit court as

to the propriety of paying the money to the defendants.

The bond also provides that Finke and Nasse should refund all sums of money found to have been received by them, and not justly due. We think that the judgment may also be sustained under that condition. It is not disputed that Finke and Nasse received the money and that they were not entitled to it, and that, under the orders of the circuit court, the relator was compelled to pay the amount to Jamison who had been ascertained to be the rightful owner.

Our conclusion is that the judgment is right, and that it ought to be affirmed. All the judges concur.