STEVENSON v. MARY E. BLACK et al., Appellants.

Division One, May 21, 1902.

1. Ejectment: TAX TITLE: PRIMA FACIE CASE. Where plaintiff shows title in a non-resident and a judgment against him for taxes, and a sheriff's sale thereunder to himself, he shows prima facie evidence of title. And this prima facie case is not overcome by showing that the land was not, in the tax suit, assessed to the true owner.

2. ————: JUDGMENT FOR TAXES: COLLATERAL ATTACK: ASSESSMENT TO OTHER THAN OWNER. ·A judgment for taxes, under which there has been a sale and a sheriff's deed, can not be attacked, in an ejectment based on such deed of title, on the ground that such land was not assessed against the true owner. A judgment of the circuit court in a suit for back taxes, is as conclusive as to all matters that might have been shown in defense of the action, as it is in any other kind of suit.

3. Judgment for Taxes: PROCESS AS TO SOME: VOID AS TO SOME. A judgment for taxes is not such an entirety that it may not be void as to some of the defendants and valid as to others. If there has been an entirely regular order of publication against the non-resi-

Stevenson v. Black.

dent owner, the judgment in pursuance thereof is not void because
it is also a judgment against a resident defendant in possession
who was not served with summons.  But in all cases where there
is regular process against a part of the defendants, a judgment
against them and a sheriff's sale conveys their interest and no
more.

4. ——: ——: ——: SALE: SUBROGATION.  Where there is a
valid judgment and sale against a non-resident owner of land, for
taxes, the purchaser succeeds to whatever right to assert his claim
against a trespasser in possession which such judgment defendant
might have asserted.

5. ——: ADVERSE POSSESSION: CLAIM OF OWNERSHIP.  Claim of own-
ership is necessary to give possession an adverse character.  So long
as the occupant acknowledges the title or ownership to be in an-
other, his possession does not start the statute of limitations to
running.

6. ——: ——: COMMON SOURCE OF TITLE: ADMISSION.  Where a
de nt and plaintiff in ejectment claim title from a common
· defendant thereby admits that he is in possession under and
authority of that title, and the plaintiff who has acquired that
le is not barred by the fact that defendant has been in pos-
session for more than ten years, for that possession has been subor-
dinate to the title.

7. ——: CLERICAL ERROR: CORRECTION.  Where the land has been
correctly described in the order of publication, the court has author-
ity to correct a clerical error in the judgment for taxes (for
instance, the omission of the word "south" from the description of
the land) at a subsequent term.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,*
*Judge.*

AFFIRMED.

*A. A. Bailey* and *H. Lander* for appellants.

(1) A void judgment is in legal effect no judgment.  By
it no rights are divested.  From it no rights can be obtained.
Being worthless in itself, all proceedings founded upon it are
equally worthless.  It neither binds nor bars.  Freeman on

Judgments (3 Ed.), p. 112, par. 117, and notes. If the back-tax judgment is void as to all the parties to it, by reason of some of the owners in the tax case not being served with process, that is the end of plaintiff's case. If the tax judgment is good as to the parties brought into court (the Georgesons) and void as to the Blacks for want of service of process, then their interest in the land was never conveyed by the sheriff's deed in evidence. (2) The plaintiff claiming under a judicial sale is not a purchaser without notice. Mann v. Best, 62 Mo. 491. He must look to the judgment, execution, levy and sheriff's deed. Hewett v. Weatherby, 57 Mo. 276. The purchaser takes all the hazards of his bargain. Craves v. Gorden, 53 Mo. 287. Plaintiff holding under the decree in the tax suit can not dispute or contradict the decree under which he holds; that decree finds that the Blacks are owners in common with the Georgesons, and the record shows that the Blacks (appellants) were never served with process in the tax suit. 2 Smith's Leading Cases; p. 686, and authorities there cited; Case v. Beauregaurd, 101 U. S. 688. The statute requires the tax suit to be brought against the owners of the land. The petition in tax suit must aver who is or are owners. R. S. 1889, sec. 7682; R. S. 1899, sec. 9303. The decree in this case following the necessary averments of the petition, finds that "Lucy R. Georgeson, late Lucy R. Norton, and John Georgeson, her husband, and Mary E. Black and Columbus Black, her husband," are owners of the land. The judgment or decree in the back-tax case is not based on the acts of the parties, but is the adjudication of the court on facts presented; the judgment is not strictly an estoppel, but an absolute bar as against parties and privies. Freeman on Judgments (3 Ed.), pp. 269, 270, 271, secs. 247, 248, 249. Whatever interest the plaintiff acquired under the sheriff's deed, was fixed by the decree of the court under which he claims. "In the same estate there may exist a fee simple and life interest, or a leasehold. The estate may have been mort-

gaged tó secure a debt, and judgment creditors may have liens upon it, and the land may be in the adverse possession of a stranger to the title, and whose possession may be ripening into a right. Each is an owner according to the extent of his interest or claim." Blackwell on Tax Titles, pp. 495, 496. While the proceeding to enforce the lien for back taxes against land is in the nature of a proceeding *in rem,* yet all owners and interested parties must be notified in the back-tax suit. The assignee of a debt secured on the land is a necessary party. Bank v. Grewe, 84 Mo. 477; Myers v. Bassett, 84 Mo. 479. A junior incumbrancer to the tax lien is a necessary party. Stafford v. Fizer, 82 Mo. 393. Wife's interest in her land not affected by tax suit against the husband alone. Gitchell v. Messmer, 87 Mo. 131; Mason v. Gitchell, 97 Mo. 134. One in possession is a necessary party. Bartlett v. Kauder, 97 Mo. 356; Wall v. Donnell, 80 Mo. 195; Keenan v. St. Joseph, 126 Mo. 96. (3) The trial court erred in holding that the judgment in the tax case, being void as to the Blacks and valid as to the Georgesons, yet is a sufficient basis to carry the title of the Blacks in the land in question by the sheriff's deed read in evidence, even though they were never served with process. The general rule is, that a judgment on a joint obligation is an entirety, and if void as to one, is void as to all. Freeman on Judgments (3 Ed.), p. 151, sec. 136. The exception to this rule is, where the obligation sued on is a several obligation, and each party is liable for the whole, as held in several cases by this court. Henry v. Gibson, 55 Mo. 570; Lenox v. Clark, 52 Mo. 115.

*A. W. Mullins, E. R. Stephens* and *Harry K. West* for respondent.

(1) We do not contend that the judgment in the tax suit was valid against anyone except the Georgesons. We concede that the Blacks were not served with process in that suit, and

that, as to them, the judgment is void.   All that we claim for that judgment is, that it was a valid judgment, against the Georgesons.   We insist that by the sale under that judgment, Northcott acquired the interest of the Georgesons in the land in question.   We concede that if the Blacks had any title to the land in question, John W. Northcott did not acquire such title by the tax deed.   The record shows that the Blacks had no title and that Mrs. Georgeson was the sole owner of the land and that plaintiff through the tax deed and his deed from Northcott acquired the title.   Appellants admitted on the trial that the Hannibal & St. Joseph Railroad Company was the common source of title and that Mrs. Georgeson was the grantee of that company.   The evidence shows affirmatively, and the lower court found, that the defendants had no title, and that their only claim was by possession which was not adverse to Mrs. Georgeson.   When defendants admitted that the record title was in Mrs. Georgeson and plaintiff showed that he had acquired her title by the tax deed to Northcott, and Northcott's deed to him, he was entitled to recover, unless defendants showed title by limitation.   This defendants undertook to do but failed.   When both parties claim through a common source of title all that the plaintiff has to show is that he has acquired the title from the common source.   Holland v. Adair, 55 Mo. 40; Butcher v. Rodgers, 60 Mo. 138; Cummings v. Powell, 97 Mo. 524; Fellows v. Wise, 49 Mo. 350.   (2) Although the judgment in the tax case was void as to the Blacks, it was good as to the Georgesons.   Boyd v. Ellis, 107 Mo. 394.

VALLIANT, J.—Ejectment for 37.56 acres in Linn county.   The petition is in the usual form, the answer is a general denial, except as to possession, and pleads adverse possession for more than ten years.   The cause was tried by the court, jury waived.   At the trial it was admitted that the Hannibal & St. Joseph Railroad Company was the common source of title and that Lucy B. Norton was the grantee of that

company by deed dated May 19, 1876, recorded March 10, 1887, and that at the commencement of the suit the defendants were in possession. Plaintiff introduced in evidence a sheriff's deed under execution on a judgment rendered in a suit in which the State of Missouri at the relation of the tax collector of the county was plaintiff, and Lucy R. Georgeson (formerly Lucy R. Norton) and John Georgeson her husband, M. E. Black and Columbus Black her husband, were defendants, in which judgment it was found that certain state and county taxes against the land were past due and unpaid, and were decreed to be a lien on the same and the land to be sold as in such case provided by law. The sheriff's deed was in the usual form, contained the usual recitals, and purported to convey all the title of the defendants in that tax suit to the purchaser at the sheriff's sale, Jno. W. Northcott. Defendants objected to the deed on the ground that the description, M. E. Black and Columbus Black her husband, was not a description of these defendants, and that the description of the land in the deed was not that in the judgment. The objection was overruled and exception saved. Then plaintiff read a deed from Northcott dated September 28, 1897, recorded October 2, 1897, conveying the land to the plaintiff. Then plaintiff introduced evidence as to the rental value and rested.

Defendants introduced, over plaintiff's objection, evidence tending to show that the land was assessed to C. Norton during the years for which the taxes sued for were alleged to have accrued. Then defendants read in evidence the judgment in the tax suit, which, after a recital that defendants had been duly notified by publication in a newspaper and had made default, proceeded, "And it appearing to the court that this is an action for the enforcement of the lien for back taxes due the State of Missouri on the real estate hereinafter described, it doth proceed to hear the same on the plaintiff's petition and proofs offered in support of the allegations

thereof, and upon mature consideration doth find that the defendants are the owners of the following described tract of real estate, to-wit: all that part of the northeast quarter of the northwest quarter of section 2, in township 57, of range 19, which lies . . . . of the Hannibal & St. Joseph railroad, said to contain 37.50 acres." Then the decree goes on to find the amount of taxes due and to declare the same a lien on the land and to order a sale under execution, etc.

Defendants read in evidence the order of publication which was only against Lucy R. Georgeson and John Georgeson, whom it described to be non-residents, and a further order of court for a summons to issue as to Mary E. Black and Columbus Black. In the order of publication the land is described as above quoted from the judgment, with the addition of the word "south" in the blank there shown. The original papers in the back-tax suit were lost. The record does not show any service of the summons in that case on these defendants, and the recital in the decree is that they were notified by publication. They were residents of the county, and Columbus Black was a minor.

Defendants' further evidence tended to show that one F. S. Black, husband of defendant Mary, took possession of the land in 1881, and retained it until his death in 1894, and that his widow had retained it ever since. The land was never in cultivation, but was embraced in a fence that inclosed other land of F. S. Black and was used as a pasture. This land lay in such connection with other land that F. S. Black owned, that the fence he constructed to inclose his other land necessarily embraced this. The defendant, Mrs. Black, testified in chief that when her husband took possession he claimed it as his own and that since his death she has claimed it as her own. This is the character of her possession as she described it on cross-examination:

"Q. You knew that was Mrs. Norton's land when your husband took charge of it? A. No, sir. Q. You knew

Stevenson v. Black.

she had bought it? A. I did not know she had bought it; I heard she had bought it. · Q. I understood you to say that you saw her when she was out there to buy the land with her father? A. I saw her there; I do not know that she bought the land; I was not there when she bought the land. Q. Did your husband buy it? A. He had possession of it. Q. Did he buy the land? A. No; he did not buy it. Q. Now, Mrs. Black, if he did not buy the land how did he get the title to the land? A. By possession. Q. Simply jumped the land and took it? A. She never paid any attention to it. Q. He simply jumped the land? A. Our possession was never disputed. Q. He had no claim or title, except possession, simply jumped the land? A. We had possession of it. Q. Simply took possession of the land without any claim or right or title? A. Claim by possession . . .

"Q. You have no claim except the claim by possession? A. No, sir.

"Q. You have no claim by purchase? A. No, sir."

On cross-examination of defendants' witnesses, there was evidence tending to show that F. S. Black never included this land in his list of property returned to the assessor for taxation, and that he told the assessor that he rented it for the payment of taxes.

When the defendants rested, the plaintiff moved the court to direct the clerk to insert in the blank in the part of the judgment in the tax case describing the land, the word "south" to conform to the description as contained in the order of publication, and the court so ordered, defendants objecting and duly excepting. Plaintiff in rebuttal introduced evidence tending to show that F. S. Black had applied to an agent of Mrs. Norton's to lease the land in question, had drawn up a lease for that purpose, which at his request the witness sent to Mrs. Norton to execute, but she did not sign it. The tax collector of the county testified that he spoke to F. S. Black about the taxes on the land for 1889, '90, '91 and

'92, which had not been paid and that Black told him he had nothing to do with the land or the taxes on it. Plaintiff also produced in evidence the inventory of the estate of F. S. Black sworn to by the defendant Mary E. Black as administratrix, which showed that this land was not included.

At the request of the plaintiff the court gave declarations to the effect as follows:

First. Though the court should find that F. S. Black had the land embraced with a fence and used it as a pasture, yet if it should also find that during all that time Black did not claim to own the land, but recognized Mrs. Norton as the owner, his possession was not adverse.

Second. It being admitted that the Hannibal & St. Joseph Railroad Company was the owner at the time it executed the deed in evidence to Mrs. Norton, that deed passed the title to her, and the sheriff's deed in evidence passed her title to Northcott, and plaintiff was entitled to recover, unless barred by the statute of limitations.

Third. If the court should find that Black took possession under an agreement with Mrs. Norton or some one acting for her to allow him the use of the land for paying taxes, his possession was not adverse to her title.

Fourth. To constitute adverse possession so as to bar the plaintiff, the evidence must show that F. S. Black, ten years or more before the commencement of this suit, took actual, exclusive, open, notorious and adverse possession claiming to own the land as his own against Lucy R. Norton and all other persons, and that since his death the defendants have continued like possession, claiming, etc.

The defendants requested the court to declare that the judgment in the tax suit was void as against them; that the assessments for the years 1891, 1892 and 1893, not being made in the name of the owner, furnished no foundation for the judgment, and the sheriff's deed carried no title; that the assessor's book for 1893, not being sworn to by the assessor,

was null and void, and the judgment being based in part on the taxes of that year, and being an entirety is also null and void, and the sheriff's deed carried no title. The court refused those requests. The finding and judgment were for the plaintiff and the defendants appeal.

I. The trial began with the agreement between the parties that the Hannibal & St. Joseph Railroad Company was the common source of title and that that title had passed by deed to Lucy R. Norton, who by marriage became Lucy R. Georgeson. When the tax suit was begun, therefore, the title to the land was in Mrs. Georgeson, who was a non-resident, and the possession was in the defendant, Mary E. Black, who was a resident of the county. The defendant Columbus Black, who was a minor, and the adopted son of Mrs. Black, had no interest in it.

Under those conditions the sheriff's deed was prima facie evidence that the title passed to Northcott (sec. 9305, R. S. 1899), and therefore, the deed from Northcott to the plaintiff made out the plaintiff's case prima facie.

To overcome this prima facie case the defendants assailed the validity of the judgment in the tax suit. In this effort they introduced evidence to show that the land was not assessed to the true owner during the years for which the taxes were claimed. Plaintiff objected to the evidence on the ground that it was a collateral attack on the judgment, but the court admitted it. The objection should have been sustained. A judgment of the circuit court in a suit of that kind is as conclusive as to all matters that might have been shown in defense of the action as it is in any other character of suits. [State ex rel. v. Hunter, 98 Mo. 386; Boyd v. Ellis, 107 Mo. 394.]

Appellants insist that the judgment is wholly void, for the reason that, although it recites that all the defendants were notified of the pendency of the suit by publication, yet the record shows that the order of publication was addressed

only to Mrs. Georgeson and her husband, and that summons was ordered for the Blacks, and there is no return of that summons shown. Respondent concedes that the judgment is void, in so far as it purports to affect the interests of the defendants Mary E. and Columbus Black, for the reason above stated, but maintains that it is valid as affecting the title of Mrs. Georgeson who was the real owner, and her husband, the order of publication as to them being entirely regular and duly executed. The contention of appellants is that the judgment is an entirety and being void as to some of the defendants is void as to all. The law on that point, however, has been decided by this court contrary to the contention. [Williams v. Hudson, 93 Mo. 524; Boyd v. Ellis, 107 Mo. 394.] In both the cases just cited the judgments in question were for delinquent taxes, as this is, and it was held that though the judgment was void as to one or more defendants, who were not served with process, it was valid as to those who were served, and the sale under execution carried their title. In discussing the case last cited the learned counsel for appellants ask if this court intends to say that in such case, if the land is owned by four persons, two of whom are served with process and the other two not served, the decree as against all four will carry all the title under the execution sale and sheriff's deed? Those decisions announce no such result. In the hypothesis propounded the interests of the two defendants served with process would be affected, but not those of the two not served. If, therefore, Mrs. Black or Columbus Black had any title to the land in question, it was not affected by the judgment or sheriff's sale. But whatever right Mrs. Georgeson, before the sheriff's sale, might have asserted against the Blacks, the purchaser at that sale could assert against them. If before the sheriff's sale the Blacks had such a right of possession as could have been maintained against Mrs. Georgeson, they had the same right against the purchaser at that sale. This plaintiff holds now the title that Mrs. Georgeson held

then, neither more nor less, and Mrs. Black's interest, if any she had, was not impaired by that sale.

Appellants insist, however, that by the express terms of the judgment in that case they are declared owners of the land jointly with the Georgesons and that since the plaintiffs claims under that judgment he can not dispute their title so declared. In other words, that the judgment was void and of no effect in so far as it essayed to subject the interests of appellants to the lien for taxes, but valid and binding on the purchaser at the sheriff's sale as establishing in appellants an absolute title. That argument answers itself.

The judgment being void as to appellants, can not affect their interest either to destroy or establish, to impair or augment. But the judgment does not purport to decree title in them. The clause relied on is a mere recital to the effect that the court finds "that the defendants are the owners of the following described tract of real estate, to-wit:" (then follows a description) and that certain taxes were duly assessed against it, and then proceeds to adjudge the taxes so found to be a lien on the land and decrees that it be sold to pay the same. There was no issue as to the title in the case and no such adjudication. The effect of the judgment and the sheriff's sale, therefore, was to pass the title of Mrs. Georgeson to the purchaser at the sale and his deed transmitted it to the plaintiff, who is entitled to recover unless the defendants make good their claim of title by adverse possession. The testimony for defendants tended to show that the husband of Mrs. Black in his lifetime, and she since his death, had been in possession of the land for more than ten years next before the commencement of the suit, but it did not show that the possession was adverse. Claim of ownership is essential to give to the possession an adverse character. Adverse possession is inconsistent with acknowledgment of title in any one else. When, therefore, the defendants acknowledged the title to be in the Hannibal & St. Joseph Railway Company, their mere

possession, however long it may have been continued, gave them no title. But the admission in this case goes even farther than that; it is that the Hannibal & St. Joseph Railroad Company was the common source of title, that is, that the defendants, as well as the plaintiff claim title from that source. That admission can have no other meaning than that they were in possession under and by authority of that title. Proof of mere possession, following an admission of title in another, justifies only the conclusion that the possession is in subordination to the title. [Meier v. Meier, 105 Mo. 411.] Therefore, when the plaintiff traced title from the common source to himself, and defendants showing nothing but possession, though of more than ten years duration, the plaintiff was entitled to recover. [Holland v. Adair, 55 Mo. 40; Butcher v. Rodgers, 60 Mo. 138; Cummings v. Powell, 97 Mo. 524.]

Under some circumstances, possession originating in subordination to the true title may afterwards become adverse, but in such case the claim of hostile ownership must be unequivocal and must be brought to the notice of the owner of the true title. [Hamilton v. Boggess, 63 Mo. 233; Meier v. Meier, 105 Mo. 411; Comstock v. Eastwood, 108 Mo. 41.]

If there was anything in the testimony of the defendants tending to show a claim of title on the part of F. S. Black in his lifetime or of Mrs. Black since his death, it was very vague. There was no attempt to show that notice of such a claim was brought to Mrs. Georgeson. The possession, therefore, of defendants was not adverse to the true title.

II. Appellants assign for error the action of the court in directing the clerk to insert the word "south" in the blank left in the description of the land in the judgment in the tax suit. This point, however, is not referred to in the brief of appellants, and therefore we do not know the views of the learned counsel in regard to it. The omission of the word appears to have been a clerical error and there was sufficient

Vol 168 mo—36.

in the record in the case to enable the court to safely correct it. In the order of publication the land is correctly described. The court had authority at a subsequent term to correct the clerical error under those conditions. [Sec. 660, R. S. 1899; Gibson v. Chouteau, 45 Mo. 171; Allen v. Sales, 56 Mo. 28.]

We perceive no error in the record, and the judgment is affirmed. All concur.