HUGHESVILLE MERCANTILE COMPANY, Appellant, v. GILLISPIE McGRUDER et al., Respondents.

Kansas City Court of Appeals, June 29, 1908.

1. ATTACHMENT: Forthcoming Bond: Statute: Action: Judgment. A forthcoming bond given by defendant in attachment suit which runs to the constable alone and not to his successors or assigns, is not in compliance with the statute, and while it may be assigned the assignee could only have his action at law thereon and is not entitled to judgment on motion under the statute.

2. ———: ———: ———: Order of Assignment. Where on execution the attached property is not forthcoming the constable assigns the forthcoming bond to the plaintiff without an order of court, judgment cannot be rendered on motion for the plaintiff.

Appeal from Pettis Circuit Court.—*Hon. Nick M. Bradley,* Judge.

AFFIRMED.

*Bente & Wilson* for appellant.

(1) When the return of the constable on the execution issued showed that none of the property attached could be found it was his duty to assign the bond to the plaintiff, which he did. R. S. 1899, sec. 419; State ex rel. v. Immer, 52 Mo. App. 536; Jones v. Jones, 38 Mo. 429; Hubbard v. Moss, 65 Mo. 657; Hoshaw v. Gullett, 53 Mo. 209; Weed v. Dells, 34 Mo. 428. (2) The property was not produced in obedience to the judgment and order of the justice and the bonds was

duly assigned to plaintiff by the constable, plaintiff then had the right to proceed against the defendants by motion for judgment on said bond. R. S. 1899, sec. 419, 420; McDowell & Co. v. Morgan, 33 Mo. 550. (3) The forthcoming bond was given in this cause is in due statutory form. Hoshaw v. Gullett, 53 Mo. 208; Newton v. Cox, 76 Mo. 352. (4) The defendants had the benefits of said bond, they must now bear its burdens. State to use v. Hesselmeyer, 34 Mo. 76.

*Mark McGruder* and *Sangree & Bohling* for respondent.

(1) The action of the lower court should be sustained for the reason that the forthcoming bond is not a statutory bond and no judgment could be rendered thereon in a summary way on a motion. A forthcoming bond should be given to the officer executing the writ, his successor and their assigns. R. S. 1899, sec. 389. (2) The action of the lower court should be sustained because it does not appear from the motion for a judgment on the forthcoming bond that the bond had been assigned by the constable to the plaintiff prior to the filing of the motion. Nor does it appear from the justice record that the justice ever directed the constable to assign the bond to the plaintiff. Nor does the value of the property attached appear anywhere in the motion. McDowell v. Morgan, 33 Mo. 555; R. S. 1899, sec. 419; Jones v. Jones, 38 Mo. 429.

BROADDUS, P. J.—This is an appeal from a judgment of the court overruling plaintiff's motion for judgment on a forthcoming bond. The plaintiff commenced this suit before a justice of the peace on a promissory note executed by defendants Gillispie McGruder and his wife Annie McGruder, and sued out a writ of attachment against the property of defendants. It was alleged by plaintiff that the consideration for

the execution of the note was for necessaries for the defendant's family. The case was taken by change of venue to another justice and had a somewhat varied career, but finally resulted in a judgment sustaining the attachment, and a judgment on the note.

When the constable seized the property of the defendants, they retained its possession by giving a forthcoming bond. During the pendency of the procedings, the defendant Annie McGruder filed a motion to quash the attachment in so far as it pertained to her property, which was sustained. And defendant Coats as surety on the forthcoming bond filed a motion before a justice to be released from the forthcoming bond in so far as the property of defendant Annie was concerned, which was also sustained by the justice. And on the same day the justice rendered judgment on the forthcoming bond against the defendants Gillispie and Annie McGruder and defendant Coats for the sum of $250, and twenty per cent damages in the sum of $50. It was from this judgment that the defendant Annie and Coats appealed, the defendant Gillispie not appealing. We shall not attempt to detail the numerous steps and counter steps taken by the parties while the case was pending before the justice, but endeavor to arrive at the real issues which were presented to the circuit court on the appeal.

The controversy seems to be the right of plaintiff to a judgment on the forthcoming bond in a summary proceeding by motion. It is contended that the bond is not such as is required by section 389, Revised Statutes 1899, one provision of which is that the bond shall be given to the officer his successor or his assigns. The bond in controversy is not so made, but is merely made to the constable. The omission is an important one, the obligation is only to the constable and not to his successor or assigns, therefore not in compliance with the statute. It is true it is assignable as other obli-

gations and the assignee would have the right to maintain an action thereon at law but not by motion.

There is another difficulty in the way of plaintiff's right to recover, admitting that the bond is such as the statute requires. Section 419 provides that where the officer makes a return that none or a part of the attached property cannot be found, and that the execution is not fully satisfied, the court or justice shall direct the officer to assign to the plaintiff the bond taken by him for the forthcoming of the property attached; "and such court or justice may, upon motion, render judgment in favor of plaintiff . . . against the obligors of the bond, for the value of such property," etc. The justice made no order directing the constable to assign the bond to the plaintiff, consequently plaintiff was not entitled to the remedy against defendants by motion. The constable stated in his evidence that he made the assignment at the request of plaintiff's attorney.

There are other questions raised by the defendants in support of the judgment of the court, but we are satisfied to discuss only those that are conclusive of the case. Affirmed. All concur.