J. C. NATIONS, Respondent, v. ROY BEARD, C. BARNES, J. C. STEWART, L. B. HISE and WILLIAM SHAW, Defendants, L. B. HISE, Appellant.*

St. Louis Court of Appeals. Opinion Filed November 5, 1924.

1. BONDS: Statutory Bond: Non-Compliance with Statutory Requirements: Valid at Common Law. A bond intended for a statutory bond may be good as a common-law obligation, although insufficient under the statute, because of noncompliance with its requirements, provided it is entered into voluntarily, and on a valid consideration, and does not violate public policy or contravene any statute.

2. ATTACHMENTS: Justices of the Peace: Forthcoming Bond: Not Strictly Complying With Statute: Valid at Common Law: Enforceable Against Sureties. A forthcoming bond given in an attempt to comply with section 1772, Revised Statutes 1919, governing dissolution of attachment cases, given for the sole purpose of permitting the defendant in the attachment suit to retain the goods which had been attached, and signed voluntarily before, and approved by the Justice of the Peace before whom the attachment suit was pending, without coercion or fraud practiced upon surety by the obligee in the bond, *held*, a voluntary bond, not opposed to public policy, and resting upon a sufficient consideration, thereby making it a binding and enforceable common-law bond.

3. ———: Forthcoming Bond: Construction. Construed in Light of Circumstances Surrounding Execution. In case of ambiguity or doubtful construction, a forthcoming bond should be construed in the light of the circumstances surrounding the execution thereof, the object to be accomplished, the situation of the parties, and the relation existing between them.

4. ———: ———: ———: Condition of Bond for Payment of Judgment: Not Indefinite. A condition of a forthcoming bond, for the payment of the amount adjudged in plaintiff's favor, "on or before the 17th day of December, 1921," *held* not so indefinite as to invalidate the bond, where it was apparent that the words quoted were inserted in the condition of the bond because of the fact that

*(1) Bonds, 9 C. J., Section 41; (2) Attachment, 6 C. J., Section 638; (3) Attachment, 6 C. J., Section 691; Bonds 9 C. J., Section 53; (4) Attachment, 6 C. J., Section 688;

the attachment suit before the justice was set on that day for hearing, and the defendants in said attachment suit had agreed to try the case on that day, and for no other reason.

5. **JUDGMENTS**: Entirety: Suit on Forthcoming Bond: Judgment Against Several Defendants: Process Served on Some and Some not Served: Valid as to Those Served. Under section 2155, Revised Statutes 1919, which requires that all contracts, which at common-law, are joint only, be construed as joint and several, a judgment against several defendants, as principals and sureties on a forthcoming bond, where some are served with process and some are not served, is valid as to those upon whom process was duly served.

(5) Judgments, 33 C. J., Section 70.

Appeal from the Circuit Court of St. Francois County.— *Hon. Peter H. Huck*, Judge.

AFFIRMED.

*Boyer & Threlkeld* for appellant.

(1)    Section 1748, Revised Statutes 1919, provides the only method of procedure and requisites of bond for the retention by defendant in attachment of the attached property pending a trial of the cause. This statute requires all forthcoming bonds to be given to the officer having the writ, and not to the plaintiff himself, and plaintiff cannot maintain an action on such bond until same is assigned to him by the officer. R. S. 1919, sec. 1748; Hughesville Mercantile Co. v. McGruder, 132 Mo. App. 387; McDowell v. Morgan, 33 Mo. 555.    (2) Section 1749, Revised Statutes 1919, provides that the officer shall return all bonds taken by him with the writ. There is no provision in the statute anywhere for the taking or approval of a forthcoming bond or a bond "to dissolve attachment" by a justice of the peace. Section 1772, Revised Statutes 1919, applies only to courts of record. Section 1749, Revised Statutes 1919, provides that the return of the officer must show that property was attached and that such property was in the township of the justice, or an adjoining township, or

the court acquires no jurisdiction of the subject-matter; neither does the appellate court acquire jurisdiction on appeal. Sec. 1749, R. S. 1919; Connor v. Pope, 18 Mo. App. 86; Bank v. Doak, 75 Mo. App. 332; Nennon v. Railway, 105 Mo. App. 541; Barnes v. Plesser, 121 Mo. App. 677; State ex rel. v. Cunningham, 106 Mo. App. 58. (3) Section 1750, Revised Statutes 1919, makes the officer and his sureties liable for returning an insufficient forthcoming bond. Sec. 1750, R. S. 1919; Kreher v. Mason, 25 Mo. App. 291. (4) The statute provides for a summary proceeding, on motion before the justice on a forthcoming bond after execution returned unsatisfied. Sec. 1778, R. S. 1919; McDowell v. Loewen, 145 Mo. App. 49. (5) Attachment being a purely statutory proceeding such remedy must be pursued in strict conformity with the statute. The bond sued on in this case, having no statutory foundation, amounts to an effort on the part of plaintiff to set at naught the statutory laws of the State is not good as a common law bond, and is void as against public policy. 9 Corpus Juris, page 27, sec. 41; Fellows v. Krentz, 189 Mo. App. 547; State v. Cochran, 264 Mo. 581; 9 Corpus Juris, page 41, sec. 67, 2nd. par. (a) One signing a bond under a mistaken belief that the principal is subject to the jurisdiction of the court taking it is not bound and the bond is not good as a common-law bond. Conant v. Newton, 216 Mass. 105-110, and cases cited. (b) A bond to be good as a common-law bond must be based upon a valid consideration. See citation under Point 5, supra. (6) Where substance of a bond is prescribed by statute, if bond be so drawn as to include substantially all of the obligations imposed by the statute, and to allow every defense given by law, it will be valid, though slightly variant from the form prescribed, otherwise not. Hashaw v. Gullett, 53 Mo. 208; Graves v. McHugh, 58 Mo. 499; Flint ex rel. Lumpkin v. Young, 70 Mo. 321; Newton v. Cox, 36 Mo. 352; Wimpey v. Evans, 84 Mo.

144. "It is well settled that sureties on a bond are only chargeable according to the strict terms of the bond, and upon these terms they have a right to stand." 4 Elliott on Contracts, sec. 3504, page 696; Singer Mfg. Co. v. Allen, 122 Mass. 467; American Trust Co. v. Lauderback, 220 Pa. 197. (7) "The general rule is well settled, in controversies arising on the construction of a bond, with conditions, for the performance of duties, preceded by recitals; that when the undertaking is general, it shall be restrained and its obligatory force limited within the recitals." Ins. Co. v. McDearmon, 133 Mo. 677, and cases there cited. (8) The bond in suit provided for the payment of such sum as might be adjudged in favor of J. C. Nations, with interest and all costs of suit "on or before the 7th day of December, 1921, after judgment shall have been rendered." The effect of the bond was to pervert the administration of justice and therefore against public policy and void. Harrington's Admr. v. Crawford, 136 Mo. 467. (9) The judgment of the court being for plaintiff and against all of the defendants is an invalid judgment because rendered against all of the defendants, because upon the face of the return of the officer Roy Beard, one of the principals in said bond, J. C. Stewart and William Shaw, two of the sureties therein, were not served with process and were not in court.

*W. A. Brookshire* for respondent.

(1) A justice of the peace has authority to take a forthcoming bond, or a bond to dissolve an attachment, in attachment cases. Sec. 2992, R. S. 1919; Sec. 1772, R. S. 1919; Mercantile Company v. McGruder, 132 Mo. App. 387. (2) The bond sued upon, although not a statutory forthcoming bond, or a bond to dissolve an attachment, is good as a common-law obligation. Hayes v. Webster, 16 Mo. 258; Williams v. Coleman, 49 Mo. 325; State to the Use of v. Finke, 66 Mo. App. 238;

State ex rel. v. Rogers, 99 Mo. App. 252; Rubelman v. Greve, 18 Mo. App. 6; Mercantile Co. v. McGruder, 132 Mo. App. 387; State to the Use of v. Cochrane, 264 Mo. 581. (3) The bond sued upon, being voluntary, does not contravene public policy nor conflict with any statutory requirement. It is, therefore, a valid obligation. 9 Corpus Juris 9; State to the Use of v. Cochrane, 264 Mo. 581; State ex rel. v. O'Gorman, 75 Mo. 370; State ex rel. v. Suppington, 67 Mo. 524; Woods, Admr., v. Williams, 61 Mo. 63; Fellows v. Krentz, 189 Mo. App. 547. (4) A bond given to dissolve an attachment is based upon sufficient consideration. Sec. 1772, R. S. 1919; 6 Corpus Juris 329; Williams v. Coleman, 49 Mo. 325; State Investment & Insurance Co. v. Quinlan, 53 Mo. App. 357; Overbeck v. Mayer, 59 Mo. App. 289; Scotland Co. v. McKee, 168 Mo. 282; Mercantile Co. v. McGruder, 132 Mo. App. 387. (5) The provision: "On or before the 17th day of December, 1921, after judgment shall have been rendered," does not make indefinite or invalid the bond. Berger Mfg. Co. v. Lloyd, 209 Mo. 681; 9 Corpus Juris, pp. 33 and 34; North St. Louis Building & Loan Association v. Obert, 169 Mo. 507. (6) A judgment against several defendants, where part are served with process and part are not served with process, is valid as to those served. Boyd v. Ellis, 107 Mo. 394; William v. Hudson, 93 Mo. 524; Lenox v. Clarke, 52 Mo. 115; Stillman v. Railroad, 200 Mo. 107; Ozark Co. v. Tate, 109 Mo. 265; Stevenson v. Black, 168 Mo. 549; Keaton v. Jorndt, 220 Mo. 117.

BECKER, J.—Appellant appeals from a judgment rendered against him and others as defendants below in an action upon a forthcoming bond.

It appears that the respondent, J. C. Nations, plaintiff below, brought suit against Roy Beard and C. Barnes before a justice of the peace in St. Francois Township, St. Francois County, Missouri, asking for judgment in

the sum of $189.30 and had an attachment issued.   Thereupon the defendants Beard and Barnes in that action, after their property had been attached in accordance with section 1772, Revised Statutes 1919, gave their forthcoming bond and moved the court to dissolve said attachment, which the court accordingly did.

At the time the attachment was dissolved and the defendants' property released, the case in question had been set for hearing before the justice on the 17th day of December, 1921; however, the case was not tried upon that day but upon application of the defendants therein was transferred to another justice within the same township who tried the case without a jury and rendered judgment in favor of J. C. Nations and against the said defendants Beard and Barnes in the sum of $189.30.   In September, 1922, the judgment creditor Nations brought action against Beard and Barnes as principals and Stewart, Hise and Shaw as sureties on the said forthcoming bond.   A judgment resulted against all of the defendants in the sum of $189.30, from which judgment the defendant Hise alone brings this appeal.

The bond in question is as follows:

"J. C. Nations, Plaintiff v. Roy Beard and J. C. Barnes, Defendants.

"Attachment Before J. L. Cleveland, Justice of the Peace.   Bond to Dissolve Attachment.

"We, Roy Beard and C. Barnes as principals and J. C. Stewart, L. B. Hise and Wm. Shaw as securities acknowledge ourselves bound to the above-named plaintiff, James C. Nations in the sum of three hundred dollars ($300) upon this condition that if the said Roy Beard and C. Barnes shall pay to the said J. C. Nations the amount which may be adjudged in favor of the said J. C. Nations with interest and all cost of suit on or before the 17th day of December, 1921, after judgment shall have been rendered then this bond to be void, otherwise, it shall remain in full force.

"Witness our hands and seals this 6th day of December, 1921.

"(Seal)      C. BARNES,
"(Seal)      J. C. STEWART,
"(Seal)      ROY BEARD,
"(Seal)      L. B. HISE and WM. SHAW.
"Approved this 6th day of December, 1921.
                    "J. L. CLEVELAND,
                    "Justice of the Peace."

It is clear from the record before us that the forthcoming bond in question was intended as a statutory bond as provided for in section 1772 and not section 1748, Revised Statutes 1919. An examination of the bond itself at once discloses that it does not conform strictly to the requirements of said section 1772. The action of the plaintiff below therefore must be taken as based upon the written instrument in question, not as a statutory bond but as a common-law obligation.

A bond intended for a statutory bond may be good as a common-law obligation, although insufficient under the statute because of noncompliance with its requirements, provided it is entered into voluntarily and on a valid consideration and does not violate public policy or contravene any statute. [9 Corpus Juris, 27; State v. Cochran, 264 Mo. 581, 175 S. W. 599; State v. O'Gorman, 75 Mo. 370.]

The record before us discloses that the bond in question was given in an attempt to comply with our statute governing the dissolution of attachment cases. It was given for the sole purpose of permitting the defendant in the attachment suit below to retain the goods which had been attached. It was signed before the justice of the peace before whom the attachment suit was pending, was approved by him and it was only in consideration of the said bond having been given that the court dissolved the attachment and released the property of the defendants. The record further discloses that the defendant, L. B. Hise below, and appellant here, signed the bond voluntarily and without any coercion or fraud practiced upon him by J. C. Nations, the obligee in the bond, so that it abundantly appears that the instrument in

question must be held a voluntary bond not opposed to public policy and resting upon a sufficient consideration, thereby making it a binding and enforceable common-law bond. [State to use of Hubbard, etc., v. Cochrane, 264 Mo. 581, 175 S. W. 599; State v. Simmons, 284 Mo. 644, l. c. 672, 225 S. W. 958; Smith ex rel. v. Rogers, 99 Mo. App. 252, 73 S. W. 243; Hughesville Merc. Co. v. McGruder, 132 Mo. App. 387, 111 S. W. 1179; State to use of Adams v. Finke, 66 Mo. App. 238; Hays v. Webster, 16 Mo. 258; State ex rel. Owens v. Frazer, 165 Mo. 242, l. c. 258, 65 S. W. 569.]

The point is sought to be made that the provision, "on or before the 17th day of December, 1921, after judgment shall have been rendered," is so indefinite as to make the bond invalid. We must rule this point against appellant.

In case of ambiguity or doubtful construction, the bond should be construed in the light of the circumstances surrounding the execution thereof, the object to be accomplished, the situation of the parties and the relation existing between them. [9 Corpus Juris, pp. 33-34; Berger Mfg. Co. v. Lloyd, 209 Mo. 681, 108 S. W. 52; North St. Louis Bldg. etc., v. Obert, 169 Mo. 507, 69 S. W. 1044.]

In the Obert case, supra, our Supreme Court, with reference to the construction of bonds by the court, said: "When it becomes a matter of construction it is the duty of the court to put itself in an attitude to view the contract from the same standpoint that it was signed by the parties when they entered into it. [Westervelt v. Mohrenstecher, 76 Fed. 118.]" And in the case of New York Life Ins. Co. v. McDearman, 133 Mo. App. 671, 114 S. W. 57, the Kansas City Court of Appeals directly held that "in ascertaining the true intent of the parties to a contract of suretyship, the language employed in the contract should be governed by the laws of interpretation that apply to other classes of contracts."

It is apparent from the record that the appellant as well as the defendant recognized this rule of law in that

they examined and cross-examined in detail the justice of the peace before whom the bond in question was executed as well as the appellant, L. B. Hise, not alone as to the circumstances under which the bond was signed, but as to the objects and purposes for which the bond was given. The bond was intended to be given as a statutory forthcoming bond but fell short of that by reason of the failure to strictly comply with the several requirements of the statute pertinent, but is good as a common-law bond, and the learned trial court did not commit any error in rendering judgment in favor of plaintiff and against the defendant Hise.

It is apparent from the record that the words, "on or before the 17th day of December, 1921," were inserted in the condition of the bond because of the fact that the attachment suit before the justice was set on that day for hearing and the defendants in the said attachment suit had agreed to try the case on that day, and for no other reason. The trial court so held and in our view correctly.

Nor is there any merit in the contention that the judgment in question is void in that the trial court below rendered judgment against all of the defendants when in fact the return shows that Roy Beard, one of the principals in the bond, and J. C. Stewart and William Shaw, two of the sureties, were not served with process and did not enter their appearance at the trial. Section 2155, Revised Statutes 1919, provides that "all contracts which, by the common law are joint ones, shall be construed to be joint and several." A judgment against several defendants, where some are served with process and some are not served, such judgment is valid as to those upon whom process has been duly served. [Boyd v. Ellis, 107 Mo. 394, 18 S. W. 29.; William v. Hudson, 93 Mo. 524, 6 S. W. 261; Lenox v. Clarke, 52 Mo. 115; Ozark v. Tate, 109 Mo. 265, 18 S. W. 1088; Stevenson v. Black, 168 Mo. 549, 68 S. W. 909; Keaton v. Jorndt, 220 Mo. 117, 119 S. W. 629; State ex rel. Kunklin Co. v. Blakemore, 275 Mo. 695, 205 S. W. 626.]

Finding no error in the record prejudicial to the rights of the appellant and the judgment as to him being for the right party, the judgment should be affirmed. It is so ordered. *Allen, P. J.,* and *Daues, J.,* concur.