[Civil No. 3629.   Filed January 27, 1936.]

[53 Pac. (2d) 861.]

E. D. REGAN, Appellant, v. CARY O'STEEN, MARY O'STEEN, His Wife, RAYMOND O'STEEN, AMERICAN MUTUAL BENEFIT SOCIETY, a California Corporation, AMERICAN MUTUAL BENEFIT SOCIETY, an Arizona Corporation, WESTERN BENEFIT SOCIETY, a California Corporation, WESTERN BENEFIT SOCIETY, an Arizona Corporation, BURBANK MUTUAL LIFE AND BENEFIT ASSOCIATION, a California Corporation, RICHARD ROE, MARY DOE and MARY ROE, Appellees.

Messrs. Favour & Baker and Mr. A. M. Crawford, for Appellant.

Mr. Stephen B. Rayburn, for Appellee Raymond O'Steen.

ROSS, J.—This is an appeal from an order granting a motion to quash a writ of garnishment and directing the clerk of the court to pay over to the attorney for defendant Raymond O'Steen (sometimes referred to as L. Raymond O'Steen) all property or money belonging to said defendant in his possession by reason of garnishment.

The action was commenced by summons and an attachment. The bond on attachment was made payable to the clerk of the court. Defendant Raymond O'Steen filed a motion to quash the writ of garnishment on the grounds that no bond had been filed as provided by section 4259, Revised Code of 1928, and no judgment had been obtained against such defendant.

Regan appealed from the order quashing the writ, contending that the attachment bond complied with the law, or at least was not so defective as to require the dismissal of the writ.

Under section 4258, Id., it is provided that a writ of garnishment may issue "where an original attachment has been issued." Section 4244 provides that the attachment bond shall be "payable to the defendant, in a sum not less than the amount sued for, to be approved by the officer issuing the writ, conditioned that the plaintiff will prosecute his action to effect and will pay all such damages and costs as shall be sustained by the defendant by reason of the wrongful suing out of such attachment."

The bond filed in this case is in substantial conformity with this section of the statute, except that it runs to the clerk of the court instead of the defendant. The parties who executed this bond evidently intended to comply with the statute. Whether they did or not, the law implies as much. The bond was made for the benefit of the defendants, and for any breach thereof they, being the parties in interest, doubtless could maintain an action against the principal and the surety of the bond. The law is stated in 9 Corpus Juris 34, § 56, to be as follows:

"The law at the time of the execution of a bond is a part of it; if it gives to the bond a certain legal effect it is as much a part of the bond as if in terms incorporated therein. Where a bond is given under the authority of a statute in force when it is executed, in the absence of anything appearing to show a different intention it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts. Such a bond must be given the effect which in reason must have been intended by the statute. Whatever is included in the bond, and is not required by the law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted into it."

See, also, *United States Fidelity & Guaranty Co.* v. *Poetker*, 180 Ind. 255, 102 N. E. 372, L. R. A. 1917B 984; *Taaffe* v. *Rosenthal*, 7 Cal. 514; *Curiac* v. *Packard*, 29 Cal. 194; *Commissioners of Jefferson County* v. *Lineberger et al.*, 3 Mont. 231, 35 Am. Rep. 462; *Barnes* v. *Webster*, 16 Mo. 258, 57 Am. Dec. 232; *Nations* v. *Beard*, 216 Mo. App. 33, 267 S. W. 19.

Section 4245, Id., provides that the "affidavit and bond [attachment] shall not be void for want of form,

if they contain all essential matters.'' The bond was entitled properly, was in the amount of the indebtedness sought to be collected, was signed by the principal and by a surety company. It was in substantial compliance with the law, and since it is presumed that the parties intended it should be for the benefit of the defendants, it was sufficient.

The motion to quash should not have been granted upon the ground that the bond was insufficient.

■ The fact that no judgment had been entered against the defendant at the time the motion to quash was made is not a ground for discharging the garnishment, and the motion should not have been entertained on that ground. If the garnishment was properly issued, its disposition should follow the disposition of the main case; that is, if plaintiff is successful in obtaining judgment against the principal debtor, it would follow that he is entitled to judgment against the garnishee for any money, property, or effects in his hands belonging to the defendant.

The order of the court directing the clerk to pay over to the attorney for the defendant Raymond O'Steen any money or property in his possession belonging to said O'Steen is broader than the motion to quash.

■ The record fails to disclose just how much money the clerk had, or whose it was, or from whom he obtained it or how, whether from the garnishee or someone else, and so far as that feature of the court's ruling is concerned, we are in possession of no facts enabling us to review it. Looking to the statement of plaintiff in his brief, we are advised that the money was taken from O'Steen by the sheriff of Navajo county under a warrant for his arrest for embezzlement, and by the sheriff paid to the clerk of the court. But we cannot accept the unsupported

statement of plaintiff or his counsel as to the facts. Plaintiff undertakes to supply by his brief many other necessary facts which is of course entirely wrong. We can hear cases only on the verified and authenticated record.

The order of the court quashing the writ of garnishment is vacated and set aside, and the case remanded, with directions that the writ be reinstated and further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.