451 P.2d 899

**Russell BADLEY, Appellant,**

v.

**L. E. TOWLE and New York Underwriters Insurance Company, a corporation, Appellees.**

**No. 1 CA–CIV 624.**

Court of Appeals of Arizona.

March 18, 1969.

Rehearing Denied April 21, 1969.

Review Denied May 13, 1969.

Gust, Rosenfeld & Divelbess, by Fred H. Rosenfeld, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, by Timothy W. Barton, Hamilton E. McRae III, Phoenix, for appellees.

HATHAWAY, Judge.

Badley brought an action against Towle, to recover for watermelons which he allegedly consigned to Towle, and took a de-

fault judgment. Badley's action against New York Underwriters Insurance Company was based on Towle's produce "dealer's" bond, purportedly executed in accordance with the provisions of A.R.S. § 3–493, subsec. A, which provides:

> "Before a license shall be issued to a commission merchant or agent, the applicant shall execute and deliver to the supervisor a surety bond satisfactory to him in the sum of five thousand dollars executed by the applicant as principal with good and sufficient sureties qualifying in double the amount of the bond. The bond shall be conditioned upon the faithful and honest handling of farm products in accordance with this article. The bond shall be to the state for its use and benefit and of any consignor of farm products. A consignor of farm products claiming to be injured by the violation of any of the conditions of the bond or of this article may bring an action upon the bond against both principal and surety in a court of competent jurisdiction to recover the damages caused by the violation."

A commission merchant is defined in Para. 3 of A.R.S. § 3–481 as:

> "* * * a person who receives on consignment or solicits from the producer thereof any farm product for sale on commission on behalf of the producer, or who accepts any farm product in trust from the producer thereof for the purpose of resale, or who in any way handles for the account of or as an agent of the producer thereof any farm product."

A dealer is defined in Para. 6 of A.R.S. § 3–481 as:

> "* * * a person engaged in the business of buying and selling any farm product except at retail."

The cause against New York Underwriters was tried to the court and Badley appeals from the judgment entered in favor of the New York Underwriters Insurance Company and against him. The evidence indicates that Towle acted as a dealer and not as a commission merchant. He did not take the melons on consignment, but purchased on credit; sold them and did not pay off the account owing to Badley, in the amount of $2,286.

The bond was executed by Towle as principal and the appellee as surety in an attempt to fulfill the statutory bond requirements of the Arizona Fruits and Vegetables Standardization Act. This intent is manifested in the recital of the bond that the principal had made application for a license under the Act * * * * and is required by the provisions of said acts [sic] to furnish a bond * * * " conditioned as therein set forth.

Even without express incorporation, where a bond is given under authority of a statute and in attempted compliance therewith, the statute constitutes part of the bond. Employer's Liability Assurance Corporation v. Lunt, 82 Ariz. 320, 313 P.2d 393 (1957); Porter v. Eyer, 80 Ariz. 169, 294 P.2d 661 (1956). Considering the penal amount of the bond—$5,000, being the amount required of a licensee as commission merchant or agent within the meaning of the Act—it is apparent that it was tendered to cover Towle in that capacity, since the Act does not require a bond in that amount for a licensee acting in any other capacity. Indeed, no statutory bond is required of a dealer and the parties are agreed that Towle was acting as a dealer. In Employer's Liability Assurance Corporation v. Lunt, supra, the court stated:

> "* * * since the statute does not require a bond of a dealer, no statutory right of action can accrue in favor of a person injured by a dealer's violation of the Act. Where, as here, a bond is given in compliance with a statute to secure performance of the obligations and duties of commission merchants, or agents, the liability imposed by law cannot include violations of the statutory duties of dealers, for the bond must be given the effect which in reason must have been intended by the statute, Regan v. O'Steen, 47 Ariz. 87, 53 P.2d 861." 313 P.2d 397.

The appellant argues that there is a distinction, pointing out that the bond in *Lunt*

did not recite that it covered the activities of dealers. Here, he asserts, the word "dealer" is included in the recital and the entire meaning and effect of the bond is thereby broadened.

We disagree. Reading the Act into the bond, the bond then expressly excludes dealers from its coverage. The Act becomes a part of the bond and it will be presumed that the parties intended to execute such bond as required by the Act. Absent a clear expression of intent to go beyond the terms of the statute, provisions which are included in the bond and which are not required by the Act must be read out of it, Porter v. Eyer, supra. The inclusion of "dealers" in the bond must be treated as surplusage.

The judgment is affirmed.

MOLLOY, J., and FRED J. HYDER, Superior Court Judge, concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge FRED J. HYDER was called to sit in his stead and participate in the determination of this decision.